# United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 07-1212

_____

United States of America,           *

                           *

         Appellee,       *

                           *     Appeal from the United States

     v.                 *     District Court for the

                           *     District of South Dakota.

Darrell Jones,             *

                           *

         Appellant.     *

_____

Submitted: October 17, 2007
Filed: December 11, 2007

_____

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Darrell Jones pled guilty to intentional damage to property in violation of 18 U.S.C. §§ 1152 and 1153 and S.D. Codified Laws § 22-34-1 pursuant to a plea agreement. The district court[1] sentenced Jones to 50 months' imprisonment. Jones appeals the sentence. For the reasons discussed below, we affirm the sentence.

_____

[1] The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota.

## I.    BACKGROUND

On January 21, 2006, Oglala Sioux Tribe Department of Public Safety police officers responded to a gang fight on the Pine Ridge Indian Reservation in South Dakota. The police began to chase a Ford Explorer containing an individual they sought in connection with the gang fight when Jones, the driver, refused to stop. Jones eventually pulled into a gas station parking lot and crashed the vehicle into an occupied stationary police car. Jones and the other occupants of the Explorer exited and attempted to flee the scene but were apprehended.

Pursuant to a plea agreement, Jones agreed to plead guilty to intentionally damaging Oglala Sioux Tribe property in violation of 18 U.S.C. §§ 1152 and 1153 and S.D. Codified Laws § 22-34-1, and the Government agreed to recommend that the court award Jones a two-level reduction for acceptance of responsibility under United States Sentencing Guidelines § 3E1.1(a), unless the Presentence Investigation Report ("PSR") revealed significant evidence to the contrary. The PSR found that Jones had an offense level of 12, after a two-level reduction for acceptance of responsibility, and a criminal history category of IV, resulting in an advisory guidelines sentence range of 21 to 27 months' imprisonment.

While awaiting sentencing, the Government detained Jones at the Pennington County Jail in Rapid City, South Dakota. During the detention, Jones engaged in numerous incidents of disruptive behavior, including damaging a window by throwing a television set at it, swinging a piece of broken glass and a telephone cord in a threatening manner, flooding his cell on numerous occasions, threatening to harm himself, throwing a cup of urine at a correction officer and speaking and acting disrespectfully toward the jail staff. The U.S. Probation Office amended Jones's PSR twice based on his behavior, and the final addendum recommended that the district court deny Jones credit for acceptance of responsibility and consider imposing an upward variance based upon his misconduct in jail.

At sentencing, the district court denied credit for acceptance of responsibility and found Jones had an offense level of 14 with an advisory guidelines sentence range of 27 to 33 months' imprisonment. Jones argued that he had failed to receive any mental health treatment or medication during his first eight months of incarceration and that this lack of treatment caused his disruptive behavior. He also argued that his disruptive behavior ended when he received medication. After hearing Jones's arguments, the district court imposed an upward variance from the advisory guidelines range and sentenced Jones to 50 months' imprisonment, representing a fifty-two percent or four-offense level increase from the upper end of the advisory guidelines range. In sentencing Jones, the district court referred to 18 U.S.C. § 3553(a)(2)(A), (B) and (C), and expressed concern that the advisory guidelines range would not provide an adequate and reasonable sentence and found that the upward variance would promote respect for the law, deter criminal conduct and protect the public from Jones's further criminal activity. Jones appeals his sentence, arguing that the upward variance was unreasonable.

## II.    DISCUSSION

We review a challenge to the reasonableness of a sentence for abuse of discretion. *See United States v. Lee*, 454 F.3d 836, 838 (8th Cir. 2006). A district court abuses its discretion when it fails to consider a relevant factor, gives significant weight to an irrelevant or improper factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case. *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005).

Jones argues the district court's upward variance was extraordinary and not justified by extraordinary circumstances. Jones emphasizes the percentage variation from the advisory guidelines range, but we have expressed concern with relying solely on percentages to evaluate a variance. *See United States v. Maloney*, 466 F.3d 663,

668 (8th Cir. 2006) (stating that evaluating a variance by considering the difference in offense levels "seems more in keeping with our assigned role to further the objectives of the Sentencing Reform Act, because the guideline system established by the Act was designed to adjust sentences incrementally by offense level, rather than by percentages"). Further, the term extraordinary "more accurately serves as a convenient characterization" of departures or variances of more than the two to four offense level adjustments the Sentencing Commission envisioned. *United States v. Burns*, 500 F.3d 756, 762 (8th Cir. 2007) (en banc), *petition for cert. filed*, --- U.S.L.W. --- (U.S. Nov. 20, 2007) (No. 07-7805); *see also United States v. Saenz*, 428 F.3d 1159, 1162 (8th Cir. 2005). While a four-level variance is significant and at the upper bounds of what the Sentencing Commission envisioned for most adjustments for aggravating and mitigating circumstances, *see Saenz*, 428 F.3d at 1162, we cannot say that it is necessarily extraordinary.

Jones does not claim that the district court erred in denying him the two-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1(a), but he argues that the court erred in using his jail misconduct as a basis both to deny acceptance of responsibility and to grant an upward variance. Normally, we discourage district courts from granting significant variances based on facts or factors that have already been accounted for in the advisory sentencing guidelines. *See*, *e.g.*, *United States v. Garate*, 482 F.3d 1013, 1017 (8th Cir. 2007). However, we previously have allowed variances based on factors already taken into account by the advisory guidelines, particularly when a district court applies "broader § 3553(a) considerations" in granting the variance. *See United States v. Solis-Bermudez*, 501 F.3d 882, 887 (8th Cir. 2007).

Here, the district court appears to have considered essentially the same underlying facts of Jones's jailhouse misconduct in both denying the two-level decrease for acceptance of responsibility and granting the upward variance. Jones's jailhouse misconduct not only demonstrated his lack of acceptance of responsibility,

but, as the district court discussed, it clearly was relevant to other § 3553(a) factors, such as protecting the public from Jones's future crimes, deterring criminal conduct and promoting respect for the law.   *See* 18 U.S.C. § 3553(a)(2)(A), (B) and (C). While the district court's use of essentially the same underlying facts both to deny acceptance of responsibility and to grant a four-level upward variance stretches the outer bounds of what we find reasonable, we cannot say that the district court abused its discretion, particularly because the underlying jailhouse misconduct was also relevant to other § 3553(a) factors.

We have held that a district court may impose an upward variance based on facts already included in the advisory sentencing guidelines where the advisory guidelines do not fully account for those facts. *United States v. Rouillard,* 474 F.3d 551, 557 (8th Cir. 2007) (upholding an upward variance when the advisory sentencing guidelines range did not fully account for Rouillard's criminal conduct and high risk of recidivism).   Here, the denial of the two-level reduction for acceptance of responsibility did not fully account for the extent of Jones's jailhouse misconduct, which included throwing a television set at a window, swinging a piece of broken glass and a telephone cord in a threatening manner, throwing urine, a broom and a spray bottle at corrections officers, and flooding his cell on numerous occasions. Section 3E1.1 allows a denial of acceptance of responsibility for "conduct . . . that is inconsistent with such acceptance of responsibility," U.S.S.G. § 3E1.1 cmt. n.3, and we have previously held that assaulting a corrections officer once while in jail awaiting sentencing was sufficient to deny a reduction for acceptance of responsibility, *United States v. Arellano*, 291 F.3d 1032, 1035 (8th Cir. 2002).  Here, Jones not only assaulted corrections officers numerous times, he also intentionally damaged property multiple times, the very offense for which is being sentenced.  His conduct exceeded actions that are merely inconsistent with acceptance of responsibility; thus, a denial of a reduction for acceptance of responsibility failed to fully account for the complete scope of Jones's jailhouse misconduct.  The district court determined that a sentence within the advisory guidelines range would not

adequately impart respect for the law, deter further criminal activity or protect the public from criminal activity, *see Rouillard*, 474 F.3d at 557, and we cannot conclude that, in coming to that determination, the district court gave significant weight to an improper factor or committed a clear error of judgment, *see Haack*, 403 F.3d at 1004. Therefore, given the repeated, serious and dangerous nature of Jones's jailhouse misconduct, the district court did not abuse its discretion in imposing this sentence.

Jones further argues that because the district court failed to determine that his jail misconduct justified an upward departure from the advisory sentencing guidelines under U.S.S.G. §§ 4A1.3 or 5K2.0, it could not grant a variance on these grounds. However, we have rejected this argument before when we held that a district court can decline to depart from the advisory sentencing guidelines range but still impose a variance under § 3553(a). *Solis-Bermudez*, 501 F.3d at 886. Therefore, the district court did not err in imposing an upward variance simply because it declined to grant a departure.

Finally, Jones argues that the district court erred when it failed to consider § 3553(a) factors such as the importance of avoiding unwarranted disparity and the history and characteristics of the defendant and when it failed to state its reasons for granting the upward variance with sufficient particularity and include those in the written order of judgment and commitment. *See* 18 U.S.C. § 3553(c)(2) (requiring a sentencing court to state its reasons for departing from the advisory guidelines range with specificity in a written order of judgment and commitment). Moreover, Jones claims that in sentencing him, the district court should have considered his failure to receive mental health treatment, which he claims caused his disruptive behavior.

Jones's arguments fail. First, a sentencing court need not "categorically rehearse each of the section 3553(a) factors on the record when it imposes a sentence as long as it is clear that they were considered." *United States v. Dieken*, 432 F.3d 906, 909 (8th Cir.), *cert. denied*, --- U.S. ---, 127 S. Ct. 163 (2006). The district court

clearly considered the § 3553(a) factors, citing several specifically in imposing the upward variance, including the need to provide deterrence to criminal conduct, the need to promote respect for the law, and the need to protect the public from Jones's further criminal activity. If a district court "adverts to some of the considerations contained in § 3553(a), we have been satisfied 'that the [sentencing] court . . . was aware of the entire contents of the relevant statute.'" *United States v. Hawkins*, 375 F.3d 750, 752 (8th Cir. 2004) (quoting *United States v. Adams*, 104 F.3d 1028, 1031 (8th Cir. 1997)) (alterations in original). Although the district court did not explicitly state that it had considered Jones's attorney's claims regarding his mental health in imposing the sentence, it is clear that the district court listened to the arguments, considered the evidence presented and considered the § 3553(a) factors in imposing the sentence. *See Rita v. United States*, 551 U.S. ---, 127 S. Ct. 2456, 2469 (2007) (holding that the district court gave sufficient reasons for the sentence when it listened to each argument and considered the supporting evidence and finding that "[w]here a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments" a judge need not write extensively explaining his reasons for the sentence). Second, even if the district court failed to state its reasons with sufficient specificity in a written order of judgment and commitment, we can still affirm if we find the sentence to be reasonable. *See United States v. Little Hawk*, 449 F.3d 837, 841 (8th Cir. 2006). Therefore we need not remand under § 3553(c)(2) because we find Jones's sentence to be reasonable.

## III.   CONCLUSION

Accordingly, we affirm the sentence.

_____