# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2107

_____

United States of America,

              Appellee,

v.

Carlos Alvarez Hernandez, also known
as Carlos Juan Sanchez Hernandez,
also known as Juan Carlos Sanchez
Hernandez,

              Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.
\*
\*
\*
\*
\*
\*

_____

Submitted: January 14, 2008
Filed: March 10, 2008

_____

Before WOLLMAN and SMITH, Circuit Judges, and GRITZNER,[1] District Judge.

_____

SMITH, Circuit Judge.

Carlos Hernandez pleaded guilty, pursuant to a plea agreement, to possessing more than 50 grams of methamphetamine with intent to distribute, in violation of 21

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

U.S.C. §§ 841(a)(1) and (b)(1)(B). The district court[2] sentenced Hernandez to 121 months' imprisonment. Hernandez appeals the sentence as unreasonable. We affirm.

## I. *Background*

Minnesota law enforcement officers arrested an individual for possession of crystal methamphetamine. The arrestee subsequently became a confidential informant (CI) and agreed to contact his drug source to set up a controlled purchase of methamphetamine. The CI telephoned his source, "El Don," and requested one pound of methamphetamine. El Don agreed to deliver the requested drugs to the CI. After waiting, the CI called El Don again to check on the progress of the delivery, and El Don informed the CI that he had sent a drug courier. Shortly thereafter, Carlos Hernandez—the appellant—arrived at the designated delivery location carrying a plastic bag containing one pound of crystal methamphetamine.

Hernandez was arrested and charged with possessing more than 50 grams of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Hernandez pleaded guilty to the charge, pursuant to a plea agreement that anticipated a possible Guidelines range of 121 to 151 months' imprisonment. Hernandez's presentence investigation report (PSR) calculated the same Guidelines range as the parties' plea agreement.

At sentencing, the district court adopted the PSR's 121 to 151 months Guidelines range and sentenced Hernandez to 121 months' imprisonment. In imposing this sentence, the district court stated:

> In determining what sentence to impose I have carefully considered all
> of the factors described in 18 U.S.C. § 3553(a), I have started with and
> I have given substantial weight to the United States Sentencing

[2]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

Guidelines and the policy statements issued by the United States Sentencing Commission.

I recognize that under *United States v. Booker* those guidelines and statements are not binding on me, but are instead effectively advisory.

At the same time the guidelines must be considered under 3553(a)(4) and the statements must be considered under 3553(a)(5). Giving weight to the guidelines and statements also furthers the goal of 3553(a)(6) to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

In addition to considering the sentencing guidelines and policy statements, I have also considered the other factors described in 3553(a), including the need for the sentence to be sufficient but not greater than necessary to comply with the purposes set forth in 3553(a)(2).

I find that the sentence imposed on Mr. Hernandez is reasonable in light of the factors described in 3553(a), including the nature of the offense, the history and characteristics of the Defendant, the need to promote respect for the laws of the United States, the need to deter similar conduct in the future by Mr. Hernandez and others, and the need to provide a just sentence that is similar to the sentences received by defendants with similar records who have been found guilty of similar conduct.

I also note that this sentence is within the range recommended by the sentencing guidelines. None of the 3553(a) factors persuades this Court that a sentence outside of the guidelines is warranted. There is nothing particularly unusual about the circumstances of this case that would take it outside of the guidelines range.

Sent. Tr. at 13–14.

Hernandez appeals, arguing that his sentence was unreasonable because the district court did not adequately consider the 18 U.S.C. § 3553(a) factors and that the

court erroneously applied a presumption of reasonableness to his Guidelines range in determining his sentence.

## II. *Discussion*

"We review a challenge to the reasonableness of a sentence for abuse of discretion." *United States v. Jones*, 509 F.3d 911, 913 (8th Cir. 2007). A sentencing court abuses its discretion "when it fails to consider a relevant factor, gives significant weight to an irrelevant or improper factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case." *Id.* (citing *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005)).

A district court's first step in sentencing proceedings is to correctly calculate the defendant's Guidelines range. *Gall v. United States*, 552 U.S. ___, 128 S. Ct. 586, 596 (2007) (citation omitted). "[T]he Guidelines should be the starting point and the initial benchmark," but they are not the only consideration. *Id.* "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Id.* In doing so, however, the district court "may not presume that the Guidelines range is reasonable." *Id.* (citing *Rita v. United States*, 551 U.S. ___, 127 S. Ct. 2456, 2465 (2007) (stating that appellate courts may apply a presumption of reasonableness to a within-Guidelines sentence, but the presumption does not apply to sentencing courts)). Rather, the district court "must make an individualized assessment" of the case "based on the facts presented." *Id.*

After the court determines an appropriate sentence, it "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing. *Id.* In explaining the sentence imposed, however, the sentencing court does not have to "categorically rehearse" each of the § 3553(a) factors on the record as long as it is clear that the court considered those factors.

-4-

*Jones*, 509 F.3d at 915 (quoting *United States v. Dieken*, 432 F.3d 906, 909 (8th Cir. 2006)).

The district court considered the § 3553(a) factors in imposing Hernandez's sentence. The court expressly stated that it had considered "all of the factors described in 18 U.S.C. § 3553(a)," specifically cited to several of § 3553(a)'s subsections, and referenced the objectives of several other subsections. "If a district court adverts to some of the considerations contained in § 3553(a), we have been satisfied that the [sentencing] court . . . was aware of the entire contents of the relevant statute." *Jones*, 509 F.3d at 915 (internal quotations and citations omitted, alterations in original). Because the sentencing transcript makes clear that the court properly considered the § 3553(a) factors, we reject Hernandez's argument that his sentence was unreasonable because the district court did not adequately consider those factors.

Hernandez also contends that the district court erroneously applied a presumption of reasonableness to the Guidelines range in imposing his sentence. Hernandez cites to the court's statement at sentencing that it gave "substantial weight" to the Guidelines. We find no error in the court's imposition of Hernandez's sentence.

The court properly calculated Hernandez's Guidelines range, acknowledged that the range was advisory, and considered the Guidelines and policy statements of the Sentencing Commission along with the § 3553(a) factors, concluding that under the facts of the case the sentence imposed—which was at the low end of Hernandez's Guidelines range—was reasonable in light of § 3553(a). The court applied no impermissible presumption of reasonableness to the Guidelines range, and the sentence imposed was reasonable.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____