# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2251

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　Plaintiff - Appellee,　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　　*　District Court for the District
　　　　　　　　　　　　　　　　　　*　of Minnesota.
Arlan Michael Arnold,　　　　　　　*
　　　　　　　　　　　　　　　　　　*　[UNPUBLISHED]
　　　　　Defendant - Appellant.　　*

_____

Submitted: December 8, 2008
Filed: December 15, 2008

_____

Before WOLLMAN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Arlan Michael Arnold pleaded guilty to being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and was sentenced to 200 months incarceration. On appeal, he argues the district court[1] erred in 1) considering his prior criminal history, 2) failing to adequately explain the sentence, and 3) imposing an unreasonable sentence. We affirm.

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

As a convicted felon, Arnold is prohibited from possessing firearms and ammunition. He has been convicted of felony robbery and three drug-related felonies. The Presentence Investigation Report (PSIR) determined Arnold was subject to enhanced penalties under 18 U.S.C. § 924(e), and the Armed Career Criminal enhancement under U.S. Sentencing Guidelines § 4B1.4(b)(3)(A). Arnold's Guidelines sentencing range was 188 – 235 months, and he was subject to a fifteen-year minimum term of imprisonment under § 924(e)(1). Arnold did not object to the PSIR's Guidelines calculations.

Arnold asked for a sentence of 180 months. The government argued for a within-Guidelines sentence. The district court considered Arnold's criminal history, focusing specifically on his "running around with guns, bullets and drugs," and imposed a 200-month sentence. This appeal followed.

We review the district court's sentence for an abuse of discretion. Gall v. United States, – U.S. – , 128 S.Ct. 586, 597 (2007); see also United States v. Austad, 519 F.3d 431, 434 (8th Cir. 2008). We first

> ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

Gall, 128 S. Ct. at 597. If the sentence is procedurally sound, we review "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id. "A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal." United States v. Robinson, 516 F.3d 716, 717 (8th Cir. 2008). Arnold does not argue the district court committed a significant procedural error. Thus, we review the substantive reasonableness of the sentence.

Arnold first contends the district court erred in taking his criminal history into account when applying §§ 924(e), 4B1.4(b)(3)(A), *and* 18 U.S.C. § 3553(a). Section 3553(a) expressly mandates a district court consider the "history and characteristics of the defendant," and the need "to protect the public from further crimes of the defendant." We have previously held the Guidelines permit district courts to take a defendant's criminal history into account for multiple and distinct sentencing purposes. See United States v. Saffeels, 39 F.3d 833, 836-37 (8th Cir. 1994). Here the district court's consideration of criminal history properly served to quantify the seriousness of Arnold's conduct and to aid in fashioning the appropriate sentence.

Arnold next argues the district court failed to explain the basis for its sentence. A district court need not categorically recite all of the § 3553(a) factors, "as long as it is clear that the court considered those factors." United States v. Hernandez, 518 F.3d 613, 616 (8th Cir. 2008). Further, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Rita v. United States, – U.S. – , 127 S.Ct. 2456, 2468 (2007). We may appropriately conclude "the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical." Id.

We are satisfied the district court considered all the relevant sentencing factors. The record demonstrates it considered Arnold's addiction to methamphetamine, work history, depression, criminal history, etc., and determined a within-Guidelines sentence was appropriate. Further, we find nothing in Arnold's arguments to overcome the presumption of reasonableness accorded this sentence.

The judgment of the district court is affirmed.

_____