# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2998

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| George Ray Goff, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 24, 2008
Filed: January 9, 2009

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

George Goff appeals the district court's[1] entry of judgment upon a jury verdict finding him guilty of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a) (Count I), and of possessing an unregistered short-length shotgun, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 (Count II). Counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), and Goff has filed a pro se supplemental brief. The briefs challenge the sufficiency of the evidence; argue that Almendarez-Torres v.

_____

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

United States, 523 U.S. 224 (1998), should be overruled; argue Goff's sentence was unreasonable or cruel and unusual; and assert a Speedy Trial Act violation.

First, we conclude that the evidence at the March 2007 jury trial was sufficient. See United States v. Smith, 508 F.3d 861, 866 (8th Cir. 2007) (standard of review). With regard to Count I, the testimony of two witnesses, whose credibility was for the jury, established that Goff actually possessed the firearm. See United States v. Montano, 506 F.3d 1128, 1133 (8th Cir. 2007) (this court does not review questions involving credibility of witnesses; jury is free to believe testimony of any witness in its entirety). The government also adduced evidence that the gun was loaded and that Goff was carrying a shotgun shell, the parties stipulated that Goff had been convicted of a crime punishable by imprisonment exceeding one year, and law enforcement officials testified that the shotgun and ammunition had traveled in interstate commerce. See United States v. Walker, 393 F.3d 842, 846-47 (8th Cir. 2005). In addition, it was not material that the shotgun was temporarily inoperable, see 18 U.S.C. § 921(a)(3), or that one of the shells was not found until the second pat-down search. Goff's Count II conviction was amply established by testimony that the overall length of the shotgun was less than 26 inches, and that it had not been registered with the National Firearms Registry. See 26 U.S.C. §§ 5841 (registration of firearms), 5845(a)(2) ("firearm" subject to registration includes weapon made from shotgun if such weapon as modified has overall length of less than 26 inches), 5861(d) (making it unlawful to possess firearm not registered with National Firearms Registration); Smith, 508 F.3d at 866 & n.3 (government had to prove defendant knowingly possessed unregistered firearm with characteristics that made it subject to registration requirements).

As to the other arguments on appeal, this court has held that United States v. Booker, 543 U.S. 220 (2005), did not overrule Almendarez-Torres, see United States v. Strong, 415 F.3d 902, 906-07 (8th Cir. 2005), and we are bound by this decision, see United States v. Wright, 22 F.3d 787, 788 (8th Cir. 1994). Furthermore, Goff's

trial began roughly 60 days after he was indicted and first appeared, well within the 70-day requirement in the Speedy Trial Act. <u>See</u> 18 U.S.C. § 3161(c).

Turning to Goff's sentence, the denial of his motion for a sentencing departure is unreviewable, because nothing indicates that the court was unaware of its authority to depart, or that the court's refusal to do so was based upon an unconstitutional motive. <u>See</u> <u>United States v. Frokjer</u>, 415 F.3d 865, 874-75 (8th Cir. 2005). Also, the district court discussed the 18 U.S.C. § 3553(a) factors, and Goff's sentence at the bottom of the Guidelines range is not unreasonable, <u>see</u> <u>United States v. Hernandez</u>, 518 F.3d 613, 616-17 (8th Cir. 2008), or cruel and unusual, <u>see</u> <u>United States v. Weis</u>, 487 F.3d 1148, 1154 (8th Cir. 2007) ("It is rare for a term of years within the authorized statutory range to violate the Eighth Amendment.").

Finally, we have independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), and have found no nonfrivolous issues other than a slight sentencing discrepancy discussed in the <u>Anders</u> brief. Specifically, after the district court stated that it had found no reason to depart or vary and that it intended to sentence Goff at the bottom of the advisory Guidelines imprisonment range of 262-327 months, the court orally pronounced a 260-month sentence for Count I. The written judgment, however, reflects a sentence of 262 months in prison, and we find the written judgment to be the actual sentence, as it is consistent with the entire sentencing pronouncement. <u>See</u> <u>United States v. Tramp</u>, 30 F.3d 1035, 1037 (8th Cir. 1994) (if actual verbal judgment is ambiguous, intent of sentencing court may be construed from entire sentencing pronouncement).

Accordingly, we affirm the judgment of the district court. We also grant counsel's motion to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____