# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2673

_____

United States of America,

          Plaintiff - Appellee,

v.

Joseph T. Jordan,

          Defendant - Appellant.

    Appeal from the United States
    District Court for the District of
    Nebraska.

    [UNPUBLISHED]

_____

Submitted: December 14, 2009
Filed: December 18, 2009

_____

Before BYE, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Joseph T. Jordan pleaded guilty to conspiracy to possess with the intent to distribute fifty grams or more of cocaine base, in violation of U.S.C. §§ 841(a)(1) and 846. At sentencing, the district court[1] imposed a 151-month sentence. On appeal, Jordan argues the sentence is substantively unreasonable. We affirm.

The presentence investigation report (PSR) calculated a base offense level of 29 and assigned a criminal history category of VI, for a Guidelines sentencing range

_____

[1]The Honorable Laurie Smith-Camp, United States District Judge for the District of Nebraska.

of 151–188 months imprisonment. Jordan moved for a downward departure under U.S. Sentencing Guidelines § 4A1.3(b), arguing category VI overrepresented his criminal history. The district court adopted the PSR's calculations and denied the motion for downward departure. The district court noted it had taken the 18 U.S.C. § 3553(a) sentencing factors into account and concluded a low-end Guidelines sentence of 151 months was sufficient, but not greater than necessary, to achieve the goals of sentencing. Jordan does not appeal the district court's denial of his motion for downward departure, but argues the court's 151-month sentence is substantively unreasonable because the court incorrectly concluded his numerous offenses for driving on revoked and suspended licenses represented serious offenses and militated against a below-Guidelines sentence.

We review the district court's sentence for an abuse of discretion. Gall v. United States, – U.S. – , 128 S. Ct. 586, 597 (2007); see also United States v. Austad, 519 F.3d 431, 434 (8th Cir. 2008). We first

> ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

Gall, 128 S. Ct. at 597. If the sentence is procedurally sound, we review "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id. Jordan does not argue the district court committed a significant procedural error. Thus, we review the substantive reasonableness of the sentence.

"A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal." United States v. Robinson, 516 F.3d 716, 717 (8th Cir. 2008). The district court noted its consideration of the § 3553(a) factors and

it is clear that the court considered those factors.  See United States v. Hernandez, 518 F.3d 613, 616 (8th Cir. 2008).  Further, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Rita v. United States, – U.S. – , 127 S. Ct. 2456, 2468 (2007).  We may appropriately conclude "the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical."  Id.

We are satisfied the district court considered all the relevant sentencing factors. The record demonstrates it appropriately considered, among other relevant characteristics, Jordan's lengthy criminal history and determined a within-Guidelines sentence was appropriate.  We find nothing in Jordan's arguments to overcome the presumption of reasonableness accorded this sentence.

The judgment of the district court is affirmed.

_____