**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5169**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

RALPH ANTHONY ROSEBORO,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:06-cr-00005-RJC-DCK-1)

Submitted:  October 29, 2010          Decided:  November 18, 2010

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Ross H. Richardson, Assistant Federal Defender, Charlotte, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ralph Anthony Roseboro was convicted of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006).  This court remanded for resentencing after finding that he should not have been sentenced as an armed career criminal.  See United States v. Roseboro, 551 F.3d 226 (4th Cir. 2009).  At resentencing, the district court found that under the properly calculated advisory Sentencing Guidelines, Roseboro's range of imprisonment was fifty-seven to seventy-one months.  The court then determined that based upon the need for deterrence, to promote respect for the law and to protect the public from Roseboro's criminal conduct, an upward variance to 108 months' imprisonment was appropriate.  On appeal, Roseboro challenges both the decision to impose an upward variance and the degree of the variance.  We affirm.

This court reviews Roseboro's sentence "under a deferential abuse-of-discretion standard."  Gall v. United States, 552 U.S. 38, 41 (2007).  In conducting this review, the court:

> must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range.

2

Id. at 51.

"When rendering a sentence, the district court must make an *individualized* assessment based on the facts presented[,] . . . apply[ing] the relevant [18 U.S.C.] § 3553(a) factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). The court also must "state in open court the particular reasons supporting its chosen sentence . . . [and] set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision making authority." Id. (internal quotation marks omitted).

If a sentence is found procedurally reasonable, this court then considers substantive reasonableness. Gall, 552 U.S. at 51. In conducting this review, the court examines "the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. "If the district court decides to impose a sentence outside the Guidelines range, it must ensure that its justification supports the degree of the variance." United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (citation and internal quotation marks omitted).

There was no error in the district court's reliance on Roseboro's criminal history when it determined that under 18 U.S.C. § 3553(a), an upward variance was warranted. See United

3

States v. Brantley, 537 F.3d 347, 350 (5th Cir. 2008); United States v. Jones, 509 F.3d 911, 914 (8th Cir. 2007) (allowing variances based on factors taken into account by the Guidelines). We further conclude that the court did not abuse its discretion in imposing a 108-month sentence. The court sufficiently justified the degree of the variance. See Evans, 526 F.3d at 161.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4