# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2680

_____

United States of America,

          Appellee,

     v.

Lee Vang,

          Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Nebraska.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted:  December 13, 2010
Filed:  January 25, 2011

_____

Before WOLLMAN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Lee Vang pleaded guilty to possessing with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1), and was sentenced by the district court[1] to 84 months' imprisonment. Vang appeals, contending that the sentence is procedurally infirm and substantively excessive. We affirm.

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

Vang and his co-defendant, Yer Yang, were stopped on Interstate 80 in Cheyenne County, Nebraska, for a traffic violation. During the stop, a drug detecting canine circled the vehicle and indicated that drugs were present. The subsequent search yielded approximately 8.5 pounds of marijuana and a mixture or substance containing more than 150 grams of methamphetamine.

The district court concluded that Vang was eligible for the "safety valve" provisions of the U.S. Sentencing Guidelines. Accordingly, it calculated his base offense as level 29 with a criminal history category I, for a Guidelines range of 87 to 108 months' imprisonment. The government requested a sentence within this recommended range; Vang sought a sentence of no more than 60 months' imprisonment. The district court sentenced Vang to a term of 84 months' imprisonment, followed by five years of supervised release and a $100 special assessment. On appeal, Vang contends that this sentence exceeds that which is sufficient and necessary to comply with the factors Congress set out in 18 U.S.C. § 3553(a)(2) and that it pays unnecessary deference to the Guidelines.

We review appeals from sentencing decisions for abuse of discretion. United States v. Zastrow, 534 F.3d 854, 855 (8th Cir. 2008). We undertake a two-part inquiry. First, we ensure that the district court "did not commit significant procedural error, such as miscalculating the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain why a sentence was chosen." Id. (citation omitted). If the decision is procedurally sound, we next consider the substantive reasonableness of the sentence imposed. Id.

We conclude that the court committed no procedural error in sentencing Vang. At the sentencing hearing, Vang's counsel argued that 60 months' imprisonment would constitute an adequate sentence, noting that it was Vang's first drug-related offense, that he was an educated person and could become a productive member of

society, and that he had strong family ties that would help him become that. Vang apologized for his actions and explained that he had learned much more about the severity of methamphetamine's effects than he had known at the time. The district court weighed this argument and testimony against the seriousness of the offense and the magnitude of the social problems associated with methamphetamine use. A sentencing court need not "categorically rehearse" each of the § 3553(a) factors so long as it is clear from the record that the court considered those factors. United States v. Hernandez, 518 F.3d 613, 616 (8th Cir. 2008) (citation and quotation omitted). We are more than satisfied that the district court met that standard here, for the transcript makes clear that the district court considered the § 3553(a) factors in imposing the sentence it did.

Vang's sentence was also substantively reasonable. We find no merit to Vang's claims that the sentence is excessive or that the district court was unnecessarily deferential to the Guidelines. Indeed, we have previously observed that when a sentencing court imposes a sentence more lenient than that called for by the Guidelines, "it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009). So too here. Given the recommended range and the surrounding circumstances, a sentence of 84 months' imprisonment is substantively reasonable and the district court did not abuse its discretion in imposing it.

The judgment is affirmed.

_____