# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2967

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Kim A. Brown, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 12, 2012
Filed: March 19, 2012

_____

Before WOLLMAN, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Kim Brown challenges the seventy-two-month sentence imposed by the District Court[1] after she pleaded guilty to sixteen counts of bank fraud, 18 U.S.C. § 1344. We affirm.

Brown defrauded her employer, a small, family-owned sheet-metal business, by forging checks drawn on her employer's bank accounts and depositing those checks into her personal bank accounts. Over a ten-year period, Brown forged more

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

than 470 checks and embezzled approximately $800,000. The District Court sentenced Brown to seventy-two months' imprisonment—an upward variance from the sentencing range of thirty-three to forty-one months' imprisonment calculated under the U.S. Sentencing Guidelines Manual. Brown argues that the sentence is greater than necessary to further the statutory goals of sentencing and does not reflect appropriate consideration of the 18 U.S.C. § 3553(a) sentencing factors.

We review the imposition of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines" sentencing range; "failing to consider the § 3553(a) factors"; or "failing to adequately explain the chosen sentence." Id. Although a court commits procedural error if it fails to consider the § 3553(a) factors, it is not required to recite each of the factors on the record, nor is it required to address each argument raised by the defendant. United States v. Barron, 557 F.3d 866, 868 (8th Cir. 2009). If the district court committed no procedural error, we then determine whether the sentence is substantively reasonable. Gall, 552 U.S. at 51. It is "the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quotation marks and citation to quoted case omitted).

The District Court committed no procedural error in sentencing Brown. After considering the undisputed Guidelines range and the parties' sentencing arguments, the court found that the Guidelines range did not adequately account for the fact that Brown "work[ed] face-to-face in the same office with the same people for . . . ten years and seven months" as a seemingly "good, trusted employee and friend" who was "in a position of confidence and trust" and yet embezzled almost $800,000. Sent. Tr. at 14, 15. The court noted that it had considered the § 3553(a) factors and had focused specifically on "the nature and circumstances of th[e] offense," "the history

and characteristics of the defendant," and "the seriousness of th[e] offense." Id. at 19, 20. Although the court considered imposing a ten-year prison term—"a year in prison for every year you stole from these people"—it ultimately determined that a seventy-two-month sentence was appropriate "for the purpose of punishment, deterrence, and to serve the ends of justice." Id. at 15, 21. The court adequately explained its rationale for the sentence imposed, focusing on all the facts of Brown's case as well as the harm caused by her conduct.[2] The court committed no procedural sentencing error.

Brown also argues that the District Court abused its discretion by imposing a sentence that is substantively unreasonable. "A district court abuses its discretion when it fails to consider a relevant factor, gives significant weight to an irrelevant or improper factor, or considers only appropriate factors but nevertheless commits a clear error of judgment . . . ." United States v. Jones, 509 F.3d 911, 913 (8th Cir. 2007), cert. denied, 553 U.S. 1088 (2008)).

Brown contends that the District Court did not give enough weight to certain mitigating factors. We disagree. The record demonstrates that the court was well aware of the circumstances surrounding Brown's embezzlement. The court reviewed Brown's Presentence Report, heard defense counsel's descriptions of Brown's positive characteristics and family circumstances, and heard testimony from Brown's employer about the impact her crimes had on his business. That the District Court's evaluation of these facts resulted in a lengthier sentence than Brown had hoped for

---

[2]Brown argues that the court focused exclusively on the fact that she violated her employer's trust and confidence while ignoring other factors. As noted above, the record refutes Brown's assertions, and the court exercised its considerable discretion "to weigh the § 3553(a) factors . . . and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009).

does not constitute an abuse of discretion.  The District Court did not impose a substantively unreasonable sentence.

For the foregoing reasons, we affirm the judgment of the District Court.

_____