United States Court of Appeals

For the Eighth Circuit

_____

No. 14-3068

_____

United States of America

*Plaintiff - Appellee*

v.

Mario Gibson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: March 9, 2015
Filed: April 17, 2015
[Unpublished]

_____

Before WOLLMAN, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Mario Gibson pleaded guilty to one count of possession with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D); and one count of being a prohibited person in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3), and 924(a)(2).

The district court[1] sentenced him to 70 months' imprisonment. On appeal, Gibson argues that his sentence is substantively unreasonable. We affirm.

On January 15, 2014, a law enforcement officer and his K9 partner conducted a routine walk through an apartment complex. The K9 indicated the presence of an illegal narcotic outside Gibson's girlfriend's apartment door. Officers knocked on the door and were allowed to enter. During a pat-down of Gibson, a baggie containing a white substance fell to the ground. Gibson was arrested, and officers later executed a search warrant at the apartment. Officers seized 5.9 grams of cocaine, packaged in separate plastic baggies; 67.9 grams of marijuana; a loaded Beretta 9mm pistol; and a loaded Springfield 9mm pistol with a sixteen-round magazine. They also seized plastic baggies, a digital scale, currency derived from drug sales, and 9mm ammunition. Gibson admitted that he sold marijuana to support his cocaine and marijuana habit.

The two counts of conviction were grouped together under United States Sentencing Guidelines (U.S.S.G. or Guidelines) § 3D1.2(c). Gibson's base offense level was 20 under U.S.S.G. § 2K2.1 because Gibson's firearm offense involved a semiautomatic firearm capable of accepting a large-capacity magazine. See U.S.S.G. § 2K2.1(a)(4)(B). The offense level was increased by 2 levels because the firearms were stolen, see U.S.S.G. § 2K2.1(b)(4)(A), increased by 4 levels because Gibson possessed the firearms in connection with another felony offense, see U.S.S.G. § 2K2.1(b)(6)(B), and decreased by 3 levels for acceptance of responsibility, see U.S.S.G. § 3E1.1(a)-(b). Gibson's criminal history included convictions for possession of marijuana, cocaine, and drug paraphernalia. Gibson's total offense level was 23, his criminal history category was IV, and his advisory Guidelines sentencing range was 70 to 87 months' imprisonment.

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

In his sentencing memorandum and at the sentencing hearing, Gibson argued that a Guidelines-range sentence would be greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a). He did not object to the Guidelines calculations, but rather requested a downward variance based on circumstances that he believed mitigated the conduct underlying his total offense level. First, Gibson argued that although he possessed a large-capacity magazine, his conduct was not as egregious as his base offense level would suggest because his magazine could hold only sixteen rounds, the number of rounds necessary for the magazine to qualify as a large-capacity magazine. See U.S.S.G. § 2K2.1 cmt. n.2 (defining a large-capacity magazine as one that is capable of accepting more than fifteen rounds of ammunition). Moreover, although he possessed stolen firearms, there was no evidence that Gibson himself stole the guns.[2] Finally, although the guns were found near the drugs, Gibson maintained that he possessed the guns to protect himself because he had been shot in an incident unrelated to drug trafficking. Gibson also asked for leniency based on the fact that drug-possession offenses—not drug-trafficking offenses—made him a person prohibited from possessing a firearm. The district court determined that a sentence at the bottom of the advisory Guidelines sentencing range was warranted.

We review the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). "A district court abuses its discretion when it fails to consider a relevant factor, gives significant weight to an irrelevant or improper factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case." United States v. San-Miguel, 634 F.3d 471, 475 (8th Cir. 2011) (quoting United States v. Jones, 509 F.3d 911, 913 (8th Cir. 2007)).

---

[2]Gibson also argued that there was no evidence that he knew that the firearms were stolen. He admitted, however, that he purchased the Beretta from an individual who accepted cash and drugs in exchange for the firearm. It is reasonable to infer that this transaction was not wholly above board.

As an initial matter, we note that the district court did not apply a presumption of reasonableness to the Guidelines sentencing range. The district court recognized that the Guidelines were "not the determining factor" in deciding Gibson's sentence. It explained that it had considered the sentencing factors set forth in 18 U.S.C. § 3553(a) and found no reason to vary downward from the advisory Guidelines sentencing range.

Gibson has not shown that his sentence is substantively unreasonable. Although he argues that the court gave insufficient weight to mitigating circumstances, the court acknowledged the mitigating factors defense counsel addressed at sentencing, noting that counsel "cite[d] to a number of circumstances that this case was not, and I would submit that were those situations present, the guidelines sentence would likely be at the top of the range or there could even be a sentence above the guidelines to the statutory maximum." Moreover, the district court was well aware that Gibson's criminal history involved drug-possession offenses and expressed its hope that Gibson "work on his marijuana and cocaine issues." Gibson has failed to rebut the presumption of reasonableness that we may apply to sentences that fall within the advisory Guidelines sentencing range, see Gall, 552 U.S. at 51, and we hold that the district court did not abuse its discretion in imposing a 70-month sentence.

The sentence is affirmed.

_____