# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-1018

———————————————

United States of America

*Plaintiff - Appellee*

v.

Ahnna Alberta Hampton

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

——————————

Submitted: December 10, 2018
Filed: January 25, 2019
[Unpublished]

——————————

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Ahnna Alberta Hampton pleaded guilty to wire fraud in violation of 18 U.S.C. § 1343. She contests the district court's[1] imposition of a 27-month prison sentence. We affirm.

———————————————

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

Hampton served as bookkeeper and office manager for the Worley, Wood & Parrish law firm from its inception in 2007. Her position allowed her to access certain accounts, including the firm's American Funds retirement accounts. Between 2013 and 2017, Hampton embezzled $193,000 by transferring firm funds to her American Funds IRA account and then to her personal bank account. The firm was tipped off to Hampton's fraud in February 2017, when American Funds notified Carol Worley, the firm's managing partner, that one participant was misusing their retirement account by depositing more funds than the IRS allowed and conducting early withdrawals of those funds. American Funds would not reveal the name of the employee, but Worley soon discovered that Hampton was the perpetrator.

Hampton waived indictment and pleaded guilty to wire fraud. At sentencing, the district court determined that Hampton's adjusted offense level under the United States Sentencing Guidelines (Guidelines) was 16, her criminal history category was I, and her Guidelines sentencing range was 21-27 months' imprisonment. After hearing from Worley, Hampton, and both parties' counsel, the court imposed a 27-month prison sentence followed by two years of supervised release. The court also ordered Hampton to pay $193,113.12 in restitution and a $100 special assessment fee. The court explained that it chose the sentence after "considering the provisions found in 18 U.S.C. [§] 3553 and the abuse of trust which [it had] found."

We review a sentence first for procedural error, and if we find none, we review the sentence's substantive reasonableness under a deferential abuse-of-discretion standard. United States v. Sadler, 864 F.3d 902, 904 (8th Cir. 2017). Hampton contends that the district court erred procedurally by failing to consider the relevant 18 U.S.C. § 3553(a) factors, by inadequately explaining its sentence, and by imposing a sentence greater than necessary to meet the Guidelines sentencing goals. Because Hampton did not object to her sentence at the sentencing hearing, we review for plain error. Id. "'Plain error is an error that is plain and that affects a defendant's substantial rights.' Only if the plain error 'seriously affects the fairness, integrity or

public reputation of judicial proceedings' will we correct the error." Id. (citations omitted) (quoting United States v. O'Connor, 567 F.3d 395, 397 (8th Cir. 2009)).

We conclude that the court did not err procedurally. Neither the court's consideration of the factors nor its explanation of Hampton's sentence was so deficient as to rise to the level of error that seriously affects the fairness, integrity or public reputation of judicial proceedings. "[A] sentencing court need not 'categorically rehearse each of the section 3553(a) factors on the record when it imposes a sentence as long as it is clear that they were considered.'" United States v. Jones, 509 F.3d 911, 915 (8th Cir. 2007) (quoting United States v. Dieken, 432 F.3d 906, 909 (8th Cir. 2006)). The district court explicitly stated that it had considered the 18 U.S.C. § 3553(a) factors. See United States v. Hernandez, 518 F.3d 613, 616-17 (8th Cir. 2008) (concluding that the district court adequately considered the sentencing factors in part because it expressly stated so). The court also considered the firm's victim impact statement, Worley's testimony describing the full extent of the firm's loss and Hampton's family-like relationship with firm employees, and Hampton's statement to the court. See Jones, 509 F.3d at 915 ("Although the district court did not explicitly state that it had considered Jones's attorney's claims . . . it is clear that the district court listened to the arguments, considered the evidence presented and considered the § 3553(a) factors in imposing the sentence.").

Finally, there is no indication that the court imposed a sentence greater than necessary to achieve the Guidelines sentencing goals. Hampton argues that a non-prison sentence would be adequate. The record indicates that the district court considered and rejected this argument, determining instead that Hampton's four-year fraud scheme, which involved stealing $193,000 from a small, family-like law firm, adequately justified a 27-month, within-Guidelines-range sentence. We perceive no abuse of discretion on the district court's part in reaching this determination.

The sentence is affirmed.

_____