United States Court of Appeals

For the Eighth Circuit

_____

No. 18-1772

_____

United States of America

*Plaintiff - Appellee*

v.

Donnale C. Clay, also known as L.A., also known as Lavish

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 15, 2019
Filed: June 26, 2019
[Unpublished]

_____

Before SHEPHERD, MELLOY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Donnale Clay appeals the 36-month sentence he received following revocation of his supervised release, arguing that his sentence is substantively unreasonable. We have jurisdiction pursuant to 28 U.S.C. § 1291 and now affirm.

In 2010, Clay pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and distributing cocaine base after a prior drug conviction, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 851. The district court[1] increased Clay's base offense level for the firearm offense by six levels due to his 2006 conviction in Iowa state court for attempting to elude a law enforcement officer—a felony crime of violence under the residual clause of United States Sentencing Commission, Guidelines Manual, § 4B1.2(a). It then sentenced him to 100 months imprisonment and 6 years of supervised release.

In 2011, the district court reduced Clay's term of imprisonment to 84 months following retroactive amendments to the crack cocaine guidelines and Clay began serving his term of supervised release in August 2015. Between November 2015 and January 2016, Clay violated the terms of his supervised release by failing to participate in ordered substance abuse testing, using drugs, and failing to follow a probation officer's direction. Based on these violations, the district court revoked his supervised release in February 2016 and sentenced him to an additional 10 months imprisonment.

Clay began his second term of supervised release in November 2016. He entered a residential reentry facility and, within two weeks, violated multiple facility rules before finally absconding from supervision. In February 2018, Clay was arrested after he provided a false name and date of birth to a police officer in Rock Island, Illinois. Arresting officers found that he possessed approximately three grams of marijuana. Clay pled guilty to obstructing identification in Illinois state court and was subsequently transferred to federal custody on a pending revocation petition. While in custody, he refused to submit to drug testing and told a probation office

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

employee that he refused to "do[] probation" and that, once released from prison, he would be "taking [himself] back off probation."

At the revocation hearing, Clay pled guilty to fourteen violations of supervised release, including three instances of failing to comply with residential reentry center rules, two instances of failing to report to the probation office, two instances of failing to participate in substance abuse testing or treatment, two instances of travel without permission, two instances of possessing a controlled substance, two new law violations stemming from his Illinois arrest, and one instance of failing to follow a probation officer's instructions. Clay's United States Sentencing Guidelines range was 18 to 24 months imprisonment. The government, however, requested the statutory maximum of 36 months imprisonment, with no term of supervised release to follow. Clay requested a sentence of 24 months imprisonment and admitted that he has a history of failing to comply with supervision requirements.

The district court considered the 18 U.S.C. § 3553(a) factors, particularly noting Clay's history of assaultive behavior, prior noncompliance with supervised release, and risk of recidivism, before sentencing Clay to 36 months imprisonment with no term of supervised release to follow. Clay now appeals, arguing that the district court imposed a substantively-unreasonable sentence by failing to properly consider a specific § 3553(a) factor and by imposing an above-Guidelines sentence.

We review the substantive reasonableness of a sentence for an abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). A district court abuses its sentencing discretion "if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007). The district court need not explicitly discuss every factor and every argument, but must "set forth enough to satisfy the appellate court that [it] has

-3-

considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007).

Clay argues that the district court abused its discretion by failing to properly consider a relevant § 3553(a) factor—the nature and circumstances of the offense. Specifically, he alleges that, after amendments to the Sentencing Guidelines, his prior conviction for attempting to elude a police officer no longer meets the definition of "crime of violence." Had the amendments been in effect at the time of his original sentencing, Clay contends that the base offense level of his felon-in-possession offence would have been 14, rather than 20. Thus, he argues that the Guidelines amendments reduced the severity of his underlying felon-in-possession offense and that the district court should have explicitly taken this into account when considering the nature and circumstances of the offense.

However, the district court considered the nature and circumstances of Clay's offenses because it stated that it considered all the § 3553(a) factors and explicitly applied several of those factors. See United States v. Jones, 509 F.3d 911, 915-16 (8th Cir. 2007). It also referenced the 16-month sentencing reduction it gave Clay in 2011, indicating that it specifically considered Clay's offense history. The district court explicitly chose to impose an above-Guidelines-range sentence based on Clay's repeated failure to comply with supervised release terms, his high risk of recidivism, and his own admission that he was "not probationable" and would "tak[e himself] off probation" if released from prison. See United States v. Cotton, 399 F.3d 913, 916-17 (8th Cir. 2005) (upholding an above-Guidelines sentence based on the defendant's repeated violations of supervised release, risk of recidivism, and receipt of an earlier sentence reduction). Because the district court based its decision on relevant § 3553(a) factors and adequately explained that decision, it did not impose a substantively unreasonable sentence.

We affirm the district court's judgment.

_____