UNITED STATES of America, Appellee,

v.

William Carl SIMS, Appellant,

No. 85–1871.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 22, 1985.

Decided Dec. 6, 1985.

Johnny P. Arnold, Texarkana, Ark., for appellant.

Larry R. McCord, Asst. U.S. Atty., Fort Smith, Ark., for appellee.

Before HEANEY, BOWMAN and WOLLMAN, Circuit Judges.

HEANEY, Circuit Judge.

William Carl Sims was convicted by a jury of possession of an unregistered firearm and possession of a firearm not identified by serial number in violation of 26 U.S.C. §§ 5861(d) and (i) and 5871. For reversal, he argues that the district court erred in denying his motion to set aside the indictment because of delay between his state arrest and federal indictment and between his state arrest and federal trial, allegedly in violation of his right to a speedy trial under Title I of the Speedy Trial Act of 1974, 18 U.S.C. § 3161 and under the fifth and sixth amendments to the United States Constitution. We affirm.

Sims was the driver and sole occupant of a vehicle stopped by an officer of the De-Queen Police Department on November 26, 1983. The officer observed a cocked and loaded sawed-off shotgun in plain view. Sims was arrested and taken to the county jail, where he was incarcerated for approximately four days. No federal charges were filed at that time, nor was Sims placed in federal custody.

Federal authorities were apparently notified of the firearm violations in November, 1983. A federal agent came to DeQueen in December, 1983 to examine the firearm and to take statements from involved officers. Sims was not indicted on federal charges until January 16, 1985 and was tried and convicted in July of 1985.

Sims first claims that the trial court erred in denying his motion to set aside the indictment because the indictment was not filed within thirty days of his arrest on state charges, as allegedly required by Title I of the Speedy Trial Act of 1974, 18 U.S.C. § 3161(b). This argument is without merit because, absent collusion between state and federal authorities, a state arrest does not activate the requirements of the federal act. *United States v. Carlson*, 697 F.2d 231, 235 (8th Cir.1983). Here there is no evidence of such collusion.

Sims next claims that he was denied his right to a speedy trial under the fifth and sixth amendments to the United States Constitution because there was more than one-year of delay between the initiation of the government's investigation in December, 1983 and his indictment in January, 1985 and trial in July of 1985. These arguments are without merit. In order to prevail on his fifth amendment claim, Sims must show that the government intentionally delayed seeking an indictment to gain tactical advantage and that the delay substantially prejudiced his defense. *United States v. Marchant*, 774 F.2d 888, 892 n. 3 (8th Cir.1985). The record in this case is devoid of evidence that the government intentionally delayed seeking an indictment to gain a tactical advantage. It rather shows that the government sought an indictment when it had completed its investigation. The record moreover shows that Sims was not substantially prejudiced. Although he claims that the delay resulted in his inability to call a witness, the record reveals that he never subpoenaed this witness. Sims's sixth amendment claim is without merit because "only 'a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge * * * engage the particular protections' of" the speedy trial clause of the sixth amendment. *States v. Lovasco*, 431 U.S. 783, 788–89, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752 (1977); *United States v. Marion*, 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468 (1971).

Affirmed.