# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3396

_____

United States of America,

        Appellee,

v.

Anthony Jerde,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Southern District of Iowa.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: April 18, 2012
Filed: July 16, 2012

_____

Before WOLLMAN, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Anthony Jerde appeals from the district court's[1] denial of his motion to suppress evidence. Because reasonable suspicion supported the initial stop, we affirm.

On August 24, 2010, Des Moines, Iowa, probation officer Kurt Kness, then assigned to the fugitive unit, was looking for a white male fugitive who stood six feet tall and weighed 150 to 160 pounds. Kness had a picture of the woman with whom

_____

[1]The Honorable Robert W. Pratt, then Chief Judge, United States District Court for the Southern District of Iowa.

the fugitive was believed to be staying and was familiar with the neighborhood where the pair were believed to be.

Kness, who had had some twelve years of law enforcement experience at the time, encountered Jerde walking westbound with a woman towards Kness's patrol car in the neighborhood the fugitive was thought to be staying. As Kness passed the couple, Jerde gave Kness "a look like, oh, oh." Hr'g. Tr. 5. Kness observed that Jerde and the woman matched the descriptions of the fugitive and his female companion. Kness then turned his car around and approached the couple, who had since parted and taken the nearest right turn. The couple were then walking north on opposite sides of the street. Kness testified, "It was my feeling, based on how he looked at me and the fact that they separated as they walked in a different direction, they were trying to avoid me." Hr'g. Tr. 6.

Kness exited his vehicle and asked Jerde to provide his name and identification. Kness explained that he was looking for someone who matched Jerde's description and who was wanted for a parole violation. Jerde provided his name, but said that he did not have any identification. Kness testified that almost immediately thereafter Jerde volunteered that he was carrying a marijuana pipe. After Jerde produced the pipe, Kness decided to perform a pat down search of Jerde's person for safety purposes. Upon being told to place his hands on a nearby vehicle, Jerde stated that he was carrying marijuana and removed it from his pocket. Kness testified that Jerde then admitted that he was carrying a gun. At this point, Kness placed Jerde in handcuffs.

Jerde was charged with possession of a firearm by a user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). He filed a motion to suppress evidence, alleging that Kness had no reasonable suspicion to conduct an investigatory stop and that the seizure thus violated Jerde's Fourth Amendment rights. After the district court denied the motion, Jerde entered a conditional guilty plea, reserving the

right to appeal the order. He now appeals, arguing that no specific and articulable facts supported a finding of reasonable suspicion.

We review the district court's legal conclusions *de novo* and its factual findings for clear error, giving "due weight to inferences drawn from those facts by resident judges and local law enforcement officers." United States v. Horton, 611 F.3d 936, 940 (8th Cir. 2010) (quoting United States v. Gomez, 312 F.3d 920, 923 (8th Cir. 2002)). "This court reverses a denial of a motion to suppress only if the decision is unsupported by substantial evidence, based on an erroneous interpretation of applicable law, or, based on the entire record, it is clear a mistake was made." United States v. Flores-Sandoval, 474 F.3d 1142, 1144 (8th Cir. 2007) (internal quotation omitted).

Jerde argues that a description of height, weight, and race is not sufficient to support reasonable suspicion and that his actions after Kness spotted him were not tantamount to suspicious behavior. "Under Terry [v. Ohio, 392 U.S. 1 (1968)], 'police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot, even if the officer lacks probable cause.'" United States v. Blackmon, 662 F.3d 981, 985 (8th Cir. 2011) (quoting United States v. Sokolow, 490 U.S. 1, 7 (1989)). "An officer's suspicion is reasonable if he knows particularized, objective facts that lead to a rational inference that a crime is being or has been committed." Id. (quoting United States v. Gannon, 531 F.3d 657, 661 (8th Cir. 2008) (internal quotation omitted)). "The existence of reasonable, articulable suspicion is determined by the totality of the circumstances, taking into account an officer's deductions and rational inferences resulting from relevant training and experience." Horton, 611 F.3d at 940.

Kness believed that Jerde and the woman he was walking with matched the description of the fugitive and the photo of the fugitive's female companion.[2] Kness was told the fugitive was thought to be with a woman in the neighborhood Kness was patrolling. Kness combined this information with the apprehensive look on Jerde's face and the couple's decision to take the first available turn off the street Kness's patrol car was traveling and begin walking on opposite sides of the street to conclude that "they were trying to avoid me." Hr'g Tr. 18. Jerde's facial expression and the couple's decision to part ways may individually be innocuous, but when considered together in light of Kness's belief that the couple matched the descriptions of the individuals he was seeking, Kness had reasonable suspicion to conduct a limited investigatory stop to determine Jerde's identity. See United States v. Stewart, 631 F.3d 453, 457 (8th Cir. 2011) ("[F]actors that individually may be consistent with innocent behavior, when taken together, can give rise to reasonable suspicion, even though some persons exhibiting those factors will be innocent.").[3] After Jerde voluntarily produced the marijuana pipe, Kness had probable cause to arrest him and conduct a search incident to arrest. Thus, Jerde's rights were not violated by the stop and subsequent search.

The order denying the motion to suppress is affirmed.

---

[2]Although Kness was mistaken about Jerde's identity as the fugitive, the mistake was objectively reasonable. See United States v. Phillips, 679 F.3d 995, 998 (8th Cir. 2012) (holding that an officer's mistaken identity was objectively reasonable where a defendant matched the height, weight, age, and race of a suspect and was found approaching the house where officers believed their suspect to be staying).

[3]Because we conclude that reasonable suspicion existed to support an investigatory stop under Terry v. Ohio, 392 U.S. 1 (1968), we need not determine whether the encounter was consensual in nature.

-4-