# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1276
_____

United States of America

*Plaintiff - Appellee*

v.

Michael J. Saguto

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 14, 2019
Filed: July 3, 2019

_____

Before SMITH, Chief Judge, COLLOTON and ERICKSON, Circuit Judges.

_____

SMITH, Chief Judge.

Michael J. Saguto, an inmate, walked off federal prison grounds in Forrest City, Arkansas, and absconded. He was apprehended and subsequently charged with escape and conspiracy to escape. Saguto conditionally pleaded guilty and now

appeals, arguing that the district court[1] erred by failing to recognize a Sixth Amendment speedy trial violation, that his counsel's performance was constitutionally deficient, and that the ultimate sentence imposed upon him is substantively unreasonable. We disagree and affirm.

## I. *Background*

On January 3, 2015, Saguto was in the sixth month of an 84-month sentence for conspiracy to commit money laundering and conspiracy to commit bank fraud. On that day, with the assistance of his non-incarcerated girlfriend, Andrea Mansfield, Saguto escaped from prison. Apparently, Saguto simply walked off the property when nobody was looking. Saguto and Mansfield were caught together about a day later, and he was charged with escape and conspiracy to escape.

Twenty-two months elapsed between Saguto's indictment on January 6, 2015, and his conditional guilty plea in November 2016. Events occurring during that time span delayed Saguto's trial. Saguto and Mansfield were arraigned on February 26, 2015; trial was set for March 30, 2015. The court initially determined to try Saguto and Mansfield together. The court later severed the cases. But before the severance, Mansfield twice moved to continue trial, pushing the trial date to April 11, 2016. On February 8, 2016, the district court granted a motion by Saguto's counsel to delay the trial further to enable Saguto to receive a mental evaluation. Saguto reluctantly consented to the motion after agreeing that it could be helpful to his defense.

On March 2, 2016, Saguto wrote a letter to the district court airing grievances regarding his representation by appointed counsel. He stated that he believed his Sixth Amendment speedy trial rights were being violated because he had not been tried yet, and he also expressed dissatisfaction with his attorney's general

---

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

performance. On March 7, 2016, the district court delayed trial by granting a motion enabling the mental health services provider additional time to complete Saguto's psychiatric evaluation due to Saguto's late arrival to the facility. Because of the longer evaluation period, Saguto's counsel moved for a continuance of the trial date. The district court granted the March 31, 2016 motion and reset the trial for November 14, 2016.

On October 20, 2016, Saguto's counsel, at Saguto's behest, filed a motion to be relieved, asserting irreconcilable differences between the two. The district court denied the motion, finding insufficient justification to change counsel just three weeks before trial. Saguto followed up with a pro se motion to appoint new counsel on October 25. In the motion, he reiterated his claim that his current counsel was violating his Sixth Amendment rights and contended that he had requested that counsel cease seeking continuances as far back as February 2016. The district court denied the pro se motion. Then, the next day, Saguto's attorney filed a motion for reconsideration on her motion to be relieved as counsel because Saguto stopped communicating with her entirely.

With the November 14 trial date approaching, the district court held a hearing on the two pending motions on November 4, 2016. Following the hearing, the district court denied the motion for appointment of new counsel. The court found that current counsel could be effective despite differences with Saguto. The court concluded that appointment of new counsel would only delay trial further. The district court then permitted Saguto to make an oral record regarding his Sixth Amendment claims. Five days later, on November 9, 2016, Saguto conditionally pleaded guilty to the pending charges. Based on continued concerns about relations between Saguto and his counsel, in March 2017, the district court appointed new counsel for the sentencing process.

On January 24, 2018, the district court sentenced Saguto. At the hearing, the district court adopted the presentence investigation report (PSR), which suggested a Guidelines range of 12–18 months' imprisonment. In its sentencing colloquy, the court noted the need to deter prison escapes. And after addressing all the relevant § 3553(a) factors and hearing from the parties, the district court sentenced Saguto to 36 months' imprisonment to be run consecutive to his existing term.

## II. *Discussion*

Saguto makes three arguments on appeal. First, he contends that the time lapse between his indictment and guilty plea violated his Sixth Amendment right to a speedy trial. Second, he asserts his counsel provided constitutionally deficient representation by not raising the speedy trial issue with the district court. And finally, he argues the district court imposed a substantively unreasonable sentence. We consider each argument in turn.

### A. *Sixth Amendment Speedy Trial Claim*

Saguto asserts that the district court should have dismissed his indictment because the 22-month delay between indictment and plea violated his Sixth Amendment right to a speedy trial.[2] On de novo review, we conclude that Saguto's claim does not present a Sixth Amendment violation. *United States v. Aldaco*, 477 F.3d 1008, 1016 (8th Cir. 2007).

"To trigger [constitutional] speedy trial analysis, the defendant must allege the interval between accusation and trial has crossed a line dividing ordinary from presumptively prejudicial delay." *Id*. at 1019 (internal quotations removed). If presumptively prejudicial delay is present, we next analyze the following factors: "(1)

---

[2]Saguto does not claim that the proceedings before the district court violated the federal Speedy Trial Act (STA), which sets specific time lines and remedies for unreasonably delayed criminal trials. *See United States v. Sprouts*, 282 F.3d 1037, 1042 (8th Cir. 2002).

whether delay before trial was uncommonly long; (2) whether the government or the criminal defendant is more to blame for the delay; (3) whether, in due course, the defendant asserted his right to a speedy trial; and (4) whether he suffered prejudice as a result of the delay." *Id*.

We have held that a 22-month delay between indictment and trial (or plea) is presumptively prejudicial. *United States v. Sims*, 847 F.3d 630, 634 (8th Cir. 2017) (stating that "twenty-two and a half months. . . . stretches beyond the 'bare minimum' needed to trigger judicial examination of the remaining factors"). As in *Sims*, a 22-month delay is long enough to warrant examination under the factors.

The first factor—whether the delay was uncommonly long—weighs in favor of Saguto. When a delay is presumptively prejudicial, this first factor likely falls in the defendant's favor. *See id*. Based on the 22-month delay, we will assume Saguto has satisfied the first factor.

The second factor—assigning responsibility for the delay—does not favor Saguto. Our inquiry involves "determining whether the government or the criminal defendant is more to blame." *United States v. Rodriguez-Valencia*, 753 F.3d 801, 806 (8th Cir. 2014) (internal quotation omitted). Here, neither the government nor the district court were responsible for any delays. Saguto's codefendant, Mansfield, sought the first two continuances. Saguto's initial appointed counsel requested the third continuance due to Saguto's agreed-upon mental evaluation. Although Saguto later took exception to this continuance, a continuance sought by a defendant's attorney, even if unknown to him, "remains attributable to him." *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003). Hence, this factor weighs against Saguto.

The third factor considers the defendant's assertion of the right. Saguto began referencing and asserting his speedy trial rights with the letter he wrote to the district court in March 2016. Saguto's letter arrived the same day that the district court

granted his counsel's motion to have a psychiatric evaluation completed. Seven months elapsed between the court's receipt of that letter and his guilty plea. A substantial period of that seven months involved Saguto's mental evaluation. Additionally, as the district court noted, Saguto repeatedly requested new counsel during that seven-month span. Had the court granted that request, his trial would have been delayed even further. *See Aldaco*, 477 F.3d at 1019. The third factor is therefore no better than neutral for Saguto.

The forth and final factor considers whether the defendant suffered prejudice as a result of the delay. We conclude that Saguto has made no showing of prejudice. "[W]e assess prejudice in light of defendant['s] interests that the constitutional speedy trial right was designed to protect. Those interests are: preventing oppressive pretrial incarceration, minimizing anxiety and concern of the accused, and limiting the possibility that the defense will be impaired—with the last being the most serious." *Sprouts*, 282 F.3d at 1043 (internal citation omitted).

Saguto claims prejudice due to the anxiety he suffered awaiting his proceedings. Saguto's claim lacks merit. When charged with escape, Saguto was only six months into an 84-month imprisonment and would have been incarcerated for the period prior to his plea regardless of the delay complained of. Saguto "was not oppressively incarcerated while awaiting trial." *Id*. On this record, we also discern no impairment of Saguto's defense. Saguto complains of delays occasioned by his own defense. He presents no evidence that the time lapse diminished his ability to mount an effective defense. Weighing all the factors, we find that Saguto's Sixth Amendment rights were not violated by the length of the proceedings.

## B. *Ineffective-Assistance-of-Counsel Claim*

Saguto argues that his initial counsel provided ineffective assistance because she failed to move the district court to dismiss based on a Sixth Amendment speedy trial violation or to heed his requests that she seek no further continuances. To

establish an ineffective-assistance claim, Saguto must show that his trial counsel was so deficient "that counsel's representation fell below an objective standard of reasonableness" and that the deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). Ordinarily, we do not address arguments for ineffective assistance of counsel on direct review. *United States v. Looking Cloud*, 419 F.3d 781, 788 (8th Cir. 2005). These claims are generally left for a collateral attack, "except in exceptional cases in which the district court has developed a record on the ineffectiveness issue or where the result would otherwise be a plain miscarriage of justice." *Id.* at 788–89 (internal quotation omitted).

This case is not exceptional. This record is not adequately developed as to Saguto's trial counsel's performance to enable this panel to determine if counsel's representation fell below the constitutional standard. *Cf. United States v. Williams*, 897 F.2d 1430, 1434 (8th Cir. 1990) (allowing an ineffective-assistance claim to proceed on direct appeal after the district court had received post-trial briefing and held a hearing on counsel's performance leading up to and during trial). In this case, the district court allowed Saguto to make a record about why he thought his speedy trial rights were violated. This single speech at that one hearing is an insufficient record. We decline to address Saguto's ineffective-assistance claim.

### C. *Unreasonable Sentence Claim*

Lastly, Saguto argues that the district court imposed a substantively unreasonable sentence. Following its calculation of the appropriate Guidelines range of 12–18 months, the court imposed a 36-month sentence. The statutory maximum for Saguto's offense is 5 years (60 months). *See* 18 U.S.C. § 751(a). We review the substantive reasonableness of a district court's sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing

those factors." *United States v. Kreitinger*, 576 F.3d 500, 503 (8th Cir. 2009) (quoting *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008)). Our review of the substantive reasonableness of sentences is "narrow and deferential," and we have held it is only the "unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

When we determine whether "the district court sufficiently explained the sentence imposed, we note that the court need not respond to every argument made by defendant or recite each section 3553 factor." *United States v. Keatings*, 787 F.3d 1197, 1202 (8th Cir. 2015). All that is required is that the "sentencing judge . . . set[s] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). While we may presume a within-Guidelines sentence is reasonable, we may not presume an outside-the-Guidelines sentence is unreasonable; the review remains deferential. *Feemster*, 572 F.3d at 462–63.

The district court did not abuse its discretion in sentencing Saguto to 36 months' imprisonment. It addressed each § 3553(a) factor and its considerations for each. *See* Sentencing Tr. at 8, *United States v. Saguto*, No. 4:15-cr-8 (E.D. Ark. Jan. 24, 2018), ECF No. 128. Saguto avers that his case is appropriate for "closer review." *See Kimbrough v. United States*, 552 U.S. 85, 89 (2007). "[C]loser review may be in order when the sentencing judge varies from the Guidelines based solely on the judge's view that the Guidelines range fails properly to reflect § 3553(a) considerations even in a mine-run case." *Id*. at 109 (internal quotation omitted). Such is not the case here. *Kimbrough* involved a trial court basing its sentence on its policy disagreement with the 100-to-1 crack cocaine/powder cocaine ratio. *Id*. at 102. In this case, the district court did not reach its sentence based solely on its disagreement with

the escape Guidelines range. The court found the range inadequate, to be sure, but the court also expressly weighed all the § 3553(a) sentencing factors as applied to Saguto and concluded that 36 months' imprisonment for a crime with a 60-month statutory maximum was reasonable. The court also emphasized that Saguto's sentence should reflect the need for deterrence of escape attempts. A sentencing court possesses "wide latitude" in assigning weight to the § 3553(a) factors. *United States v. Richart*, 662 F.3d 1037, 1054 (8th Cir. 2011) (quoting *United States v. Lozoya*, 623 F.3d 624, 627 (8th Cir. 2010)).

### III. *Conclusion*

For the foregoing reasons, we affirm the judgment of the district court. Saguto did not endure a constitutionally-violative delay between indictment and his eventual guilty plea. The district court's sentence is not substantively unreasonable. We decline to address Saguto's challenge to the effectiveness of his counsel on direct appeal. He may choose to do so in a subsequent proceeding.

_____