# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-1468

_____

United States of America

*Plaintiff - Appellee*

v.

David Richard Rodish

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 13, 2020
Filed: February 7, 2020
[Unpublished]

_____

Before KOBES, BEAM, and MELLOY, Circuit Judges.

_____

PER CURIAM.

David Rodish pleaded guilty to one count of conspiracy to distribute at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The charge followed Rodish's arrest for his part of a large methamphetamine

distribution conspiracy in the greater Des Moines area dealing with several pounds of methamphetamine and hundreds of thousands of dollars. The suggested Guidelines range based on Rodish's criminal history was 141 to 177 months. At sentencing, Rodish sought a downward variance to the statutory mandatory minimum of 120 months and the government sought a sentence of 141 months, the bottom of the Guidelines range. The district court[1] sentenced Rodish to 130 months' imprisonment.

On appeal, Rodish challenges the substantive reasonableness of his sentence, claiming the district court erred in failing to appropriately balance the § 3553(a) factors in light of certain mitigating factors such as the nature of his prior criminal convictions (specifically that a majority of his criminal history points were derived from convictions for driving while barred), his childhood difficulties, his mental health conditions, and his performance while on pretrial release. These mitigating factors, according to Rodish, were only given "cursory" consideration by the district court. He additionally argues the court gave too much weight to the nature and circumstances of the larger conspiracy generally, rather than the facts surrounding his offense specifically. We disagree.

"Our review of the substantive reasonableness of sentences is 'narrow and deferential,' and we have held it is only the 'unusual case when we reverse a district court sentence–whether within, above, or below the applicable Guidelines range–as substantively unreasonable.'" United States v. Saguto, 929 F.3d 519, 525 (8th Cir. 2019) (quoting United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc)). Upon careful review, we find that nothing in the sentencing court's colloquy was cursory, nor do we find support for the contentions advanced on appeal that too much weight was given to the circumstances of the larger conspiracy at Rodish's

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

sentencing. To the contrary, the district court addressed each § 3553(a) factor; it directly, and methodically, addressed Rodish's arguments regarding the mitigating factors noted above; and appropriately balanced the nature of the entire conspiracy in light of Rodish's instant conviction. Indeed, as the district court stated, the below-Guidelines sentence it imposed reflects these considerations and was sufficient but not greater than necessary to serve the purposes of sentencing. United States v. Deering, 762 F.3d 783, 787 (8th Cir. 2014) ("[W]here a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." (alteration in original)).

Cognizant of the wide latitude we give the district court in the weight assigned to the § 3553(a) factors, United States v. Richart, 662 F.3d 1037, 1054 (8th Cir. 2011), we find that the court did not abuse its discretion and Rodish's below-Guidelines sentence is not substantively unreasonable. Accordingly, we affirm.

_____