# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-2981

_____

United States of America

*Plaintiff - Appellee*

v.

Darren Lamont Warren

*Defendant - Appellant*

_____

No. 18-3019

_____

United States of America

*Plaintiff - Appellee*

v.

Bruce Zachary Pugh

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: November 14, 2019
Filed: March 5, 2020
_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.
_____

WOLLMAN, Circuit Judge

A jury found Bruce Zachary Pugh and Darren Lamont Warren guilty of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846; carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and being felons in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Warren was also convicted of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The district court[1] sentenced Pugh to 110 months' imprisonment and Warren to 130 months' imprisonment. They challenge their convictions on appeal. Pugh also challenges his sentence, arguing that the district court erred in calculating his offense level. We affirm.

## I. Background

While completing a controlled substance purchase with another seller, a confidential informant noticed suspicious activity from a Jeep vehicle occupied by two passengers and a driver. As the vehicle drove by, the informant thought the passenger in the back seat flashed a gun at him. After completing the controlled purchase and driving away, the informant noticed the same vehicle following him. He notified a detective, who alerted other police officers in the area.

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

After following it for some time, the police officers decided to execute an immobilizing vehicle-block on the Jeep. Pugh was apprehended at the scene, but the two other individuals fled. They were later apprehended and identified as Warren and Desharrlequez Malike Vesey. The officers discovered in the vehicle a black pistol, cocaine base in the door handle of the driver's and front passenger's door and the glove compartment, two digital scales, and a box of clear sandwich bags. Four cellular phones were also recovered from within the vehicle.

Pugh, Warren, and Vesey were jointly tried before a jury. Pugh and Warren stipulated before trial that they had been convicted of a crime punishable by a term of imprisonment of more than one year. At trial, over Pugh's objection, the district court admitted evidence of Pugh's 2010 conviction for attempted robbery in Illinois. Over Warren's objection, the district court admitted evidence of two of Warren's prior convictions: (1) reckless discharge of a firearm in 2013 and (2) attempted unlawful possession with intent to deliver a controlled substance in 2015. Pugh requested a jury instruction on spoliation based upon the destruction of the Jeep and the consequent inability to inspect the window tint of the vehicle's back window. The district court denied this request because it was unrealistic for the government to preserve a rental car for months, and because the government had attempted to preserve the evidence by taking extensive photographs. Pugh and Warren were convicted of the counts set forth above.

## II. Bruce Pugh

Pugh first argues that there was insufficient evidence to support his convictions. In reviewing sufficiency of the evidence claims, we view the evidence in the light most favorable to the government. United States v. Vinton, 429 F.3d 811, 815 (8th Cir. 2005). "We must uphold the verdict if any reasonable jury could have found the elements of the crime beyond a reasonable doubt." Id. (quoting United States v. McDougal, 137 F.3d 547, 553 (8th Cir. 1998)).

Pugh argues that the only thing tying him to the firearm and his involvement with the drug activity is the confidential informant's testimony that Pugh had flashed a gun at him from the Jeep's back seat. Pugh argues that because the informant's testimony was inconsistent, his statements are insufficient to sustain Pugh's conviction. Witness credibility, however, is the jury's "sole responsibility." United States v. Alexander, 714 F.3d 1085, 1090 (8th Cir. 2013) (internal quotations omitted) (noting that a jury's credibility determinations are "virtually unreviewable").

We conclude that the informant's testimony, together with the government's other evidence, was sufficient to support Pugh's convictions. The government presented video evidence that Pugh was riding in the back seat of the Jeep and that crack cocaine sales were taking place while he was in the vehicle. The government also played a recording of a phone call made by Pugh, during which he stated that "[the informant] called the law on us." Additionally, the government presented evidence of Pugh's prior conviction involving a firearm to establish Pugh's knowledge of and intent regarding the firearm. When viewed in the light most favorable to the verdict, a reasonable jury could determine from the evidence that Pugh had committed the drug and firearm offenses.

Pugh next challenges the district court's denial of a spoliation jury instruction regarding the Jeep. We review the denial of a proposed jury instruction for abuse of discretion. United States v. Tyerman, 701 F.3d 552, 561 (8th Cir. 2012). As Pugh acknowledges, we have never applied the spoliation doctrine to a criminal case. Id. We decline to do so here because, even if the doctrine applied, such an instruction is "only appropriate upon a showing of bad faith." Stepnes v. Ritschel, 663 F.3d 952, 965 (8th Cir. 2011). Pugh contends that the government acted in bad faith when it returned the Jeep to the rental car company in the face of its knowledge that a criminal prosecution was pending. Its action in doing so falls short of establishing bad faith, however, in light of its efforts to preserve the evidence for trial by taking

extensive photographs of the Jeep before returning the vehicle to the rental car company. The district court thus did not abuse its discretion in denying Pugh's proposed jury instruction.

Third, Pugh argues that the district court abused its discretion when it admitted, under Federal Rule of Evidence 404(b), a certified copy of his 2010 information and guilty plea on the Illinois attempted robbery. See United States v. Foster, 344 F.3d 799, 801 (8th Cir. 2003) (standard of review). Pugh claims that the document was unduly prejudicial because it mentioned that he had been armed with a knife. He also argues that the facts in the information and plea were irrelevant to proving his convictions at trial. The district court allowed the evidence because a gun fell from Pugh's person when he was apprehended on the 2010 charge, as established by the testimony from the arresting police officer who had discovered the gun. At trial, Pugh made a general objection to both the testimony and conviction record, but on appeal he concedes that the officer's testimony was properly admitted. We need not resolve whether Pugh failed to preserve a Rule 404(b) argument regarding the conviction record by failing to request a redacted version at trial, because whether we review for abuse of discretion or for plain error, his claim fails. See United States v. Ali, 616 F.3d 745, 752 (8th Cir. 2010) ("Admission of Rule 404(b) evidence is normally reviewed for abuse of discretion, but when a litigant fails to object when the evidence was introduced, its admission is reviewed for plain error.").

Rule 404(b) prohibits the admission of bad act evidence to prove the character of a defendant in order to show action in conformity therewith. Fed. R. Evid. 404(b)(1); United States v. Halk, 634 F.3d 482, 486 (8th Cir. 2011). The Rule does allow the admission of such evidence to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). We "reverse only when such evidence clearly had no bearing on

the issues in the case and was introduced solely to prove the defendant's propensity to commit criminal acts." United States v. Benitez, 531 F.3d 711, 716 (8th Cir. 2008).

At trial, Pugh asserted a mere presence defense, in the face of which the government was required to prove knowledge and intent. See Foster, 344 F.3d at 801. The 2010 conviction was offered to prove whether Pugh knowingly and intentionally possessed a firearm. See Halk, 634 F.3d at 487 ("[Defendant's] prior firearms offenses address the material issue of his knowledge of the presence of the firearm and his intent to possess it."). Because a gun was dropped from his person while Pugh was being apprehended, the information, guilty plea, and accompanying police testimony were not "introduced solely to prove the defendant's propensity to commit criminal acts." See Benitez, 531 F.3d at 716. Rather, "[e]vidence that a defendant possessed a firearm on a previous occasion is relevant to show knowledge and intent." United States v. Walker, 470 F.3d 1271, 1274 (8th Cir. 2006).

Fourth, Pugh raises a Rehaif challenge to his conviction for being a felon in possession of a firearm. In Rehaif v. United States, the Supreme Court held that to sustain a conviction under 18 U.S.C. § 922(g), the government must prove both that the defendant knew that he possessed a firearm and knew of his prohibited status. 139 S. Ct. 2191, 2200 (2019). Pugh argues that, in light of Rehaif, insufficient evidence supports his conviction or, in the alternative, that the district court's failure to instruct the jury regarding knowledge of his felony status amounts to reversible error. Pugh's challenge fails, because sufficient evidence existed such that a reasonable jury could find that Pugh knew of his prohibited status, and because Pugh cannot show a reasonable probability of a different outcome absent the instruction error. See e.g., United States v. Parsons, 946 F.3d 1011, 1013-15, 1014 n.2 (8th Cir. 2020) (standards of review).

Pugh stipulated at trial that he had been previously convicted of a crime punishable of a term exceeding one year. See United States v. Davies, 942 F.3d 871, 874 (8th Cir. 2019) ("Ordinarily, the Government will be able to point to evidence in the record demonstrating that a defendant knew he was convicted, preventing the defendant from showing a reasonable probability of a different outcome absent the error."). While that may not completely resolve the issue of Pugh's knowledge, see United States v. Hollingshed, 940 F.3d 410, 415 (8th Cir. 2019), Pugh was also sentenced to ten years' imprisonment and was imprisoned for more than two years before he began his supervised release. These facts, combined with Pugh's flight at the scene, could allow a reasonable juror to conclude that Pugh knew of his prohibited status as a felon. For the same reasons, though Pugh has shown that the district court plainly erred in instructing the jury, he has failed to show that the error affected his substantial rights. See id. at 416.

Finally, Pugh challenges the district court's calculation of his offense level, arguing that his prior conviction in Illinois for attempted robbery did not qualify as a "crime of violence." See U.S.S.G. § 2K2.1(a)(4)(a). Our decision in United States v. Brown, however, forecloses his challenge, as Pugh conceded at oral argument. See 916 F.3d 706, 708 (8th Cir. 2019) (per curiam).

III. Darren Warren

Warren raises two challenges to his judgment on appeal. First, he argues that the district court abused its discretion when it admitted evidence of two of his prior convictions: (1) reckless discharge of a firearm in 2013 and (2) attempted unlawful possession with intent to deliver a controlled substance in 2015. See United States v. Williams, 796 F.3d 951, 958 (8th Cir. 2015) (standard of review). Warren argues that admitting evidence of his convictions was improper because he had not placed his state of mind at issue. Instead, he denied being present at the scene.

A defendant's general denial places his state of mind at issue. See United States v. Jackson, 278 F.3d 769, 771 (8th Cir. 2002) ("Jackson's defense at trial consisted of a general denial, which placed his state of mind at issue."); United States v. Hill, 249 F.3d 707, 712 (8th Cir. 2001) ("Hill's attempt to remove intent as an issue in the case did not lift the Government's burden of proving Hill's intent." (footnote omitted)). Because Warren's state of mind was at issue, the district court did not abuse its discretion when it allowed evidence of his prior convictions to prove knowledge and intent. See Walker, 470 F.3d at 1274 ("Evidence that a defendant possessed a firearm on a previous occasion is relevant to show knowledge and intent."); Jackson, 278 F.3d at 771 ("[E]vidence of prior possession of drugs . . . is admissible to show such things as knowledge and intent." (quoting United States v. Logan, 121 F.3d 1172, 1178 (8th Cir. 1997))).

Warren also raises a Rehaif challenge to his conviction, the analysis of which is similar to that applied to Pugh's conviction. In light of the facts that Warren stipulated to his conviction, was sentenced to three years' confinement for one of his convictions, and fled when police attempted to apprehend him, we hold that Warren's Rehaif challenge is without merit.

The judgments are affirmed.

_____