# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-1588

_____

United States of America

*Plaintiff - Appellee*

v.

Tracy Arlene Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: April 20, 2020
Filed: May 5, 2020
[Unpublished]

_____

Before BENTON, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Tracy Smith appeals after a jury found her guilty of being a felon and an unlawful user of a controlled substance in possession of a firearm and ammunition,

and the district court[1] sentenced her under the Armed Career Criminal Act (ACCA) to 235 months in prison. Her counsel moved for leave to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the substantive reasonableness of Smith's sentence. In a pro se brief, Smith challenged her ACCA sentence. We denied counsel's motion to withdraw and ordered supplemental briefing addressing whether, in light of *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (holding, for felon-in-possession offense, the government must prove a defendant knew she belonged to category of persons barred from possessing a firearm), the district court plainly erred by failing to instruct the jury to find that Smith knew she was a felon.[2]

We conclude any error in the jury instructions did not affect Smith's substantial rights, because the government presented evidence from which the jury could have inferred Smith knew of her prohibited status as both a felon and a drug user. *See United States v. Fast Horse*, 747 F.3d 1040, 1041–44 (8th Cir. 2014) (reviewing for plain error where party fails to timely object to jury instruction; under plain-error review, this court may reverse if a defendant shows error, that was plain, affected his substantial rights, and seriously affects fairness, integrity, or public reputation of judicial proceedings); *see also United States v. Warren*, 951 F.3d 946, 951 (8th Cir. 2020) (concluding, after *Rehaif*, any error in failing to instruct jury to find a defendant knew he was felon did not affect the defendant's substantial rights where jury could have inferred knowledge from the defendant's flight from scene as well as stipulation he was felon at time of offense).

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

[2]In his *Anders* brief, Smith's counsel practically asks us to reject Smith's *Rehaif* argument. We caution counsel against unintentionally aiding the prosecution, but our decision to affirm Smith's conviction was unaffected by counsel's doubts about the *Rehaif* argument. *See Anders*, 386 U.S. at 744 ("[Counsel's] role as advocate requires that he support his client's appeal to the best of his ability.").

As to Smith's arguments, we conclude the district court did not err in sentencing her as an armed career criminal. *See* 18 U.S.C. § 924(e) (felon in possession who has three previous convictions for a "serious drug offense" or a "violent felony" shall be imprisoned not less than 15 years); *United States v. Shockley*, 816 F.3d 1058, 1062 (8th Cir. 2016) (reviewing de novo ACCA classification); *see also United States v. Van*, 543 F.3d 963, 966 (8th Cir. 2008) (concluding convictions for separate drug transactions on separate days are multiple ACCA predicate offenses, even if transactions were sales to same person). Contrary to Smith's contentions, the First Step Act of 2018 neither amends § 924(e)'s "serious drug offense" or "violent felony" definitions nor imposes a limitations period for ACCA predicate convictions. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (amending definitions within the Controlled Substances Act and imposing a limitations period for predicate drug offenses under 21 U.S.C. § 841(b)). And while U.S.S.G. § 4A1.2(e) imposes a limitations period on counting prior sentences toward a defendant's criminal history for sentencing purposes, Smith's ACCA predicate offenses falling outside that period did not count toward her criminal history. Finally, we conclude Smith's sentence is not substantively unreasonable. *See United States v. Feemster*, 572 F.3d 455, 461–62 (8th Cir. 2009) (en banc) (reviewing sentence under deferential abuse-of-discretion standard and discussing substantive reasonableness).

Accordingly, the judgment is affirmed and we now grant counsel leave to withdraw.

_____