# United States Court of Appeals
### For the Eighth Circuit
_____

No. 19-1607
_____

United States of America

*Plaintiff - Appellee*

v.

Ryan Nicholas Haynes

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines
_____

Submitted: January 16, 2020
Filed: May 5, 2020
_____

Before SMITH, Chief Judge, LOKEN and GRUENDER, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Ryan Nicholas Haynes appeals his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We affirm.

# I.

In July 2017, police officers followed a bus in downtown Des Moines, Iowa. Officer Luke Harden observed both that the bus did not properly signal while making multiple turns and that it did not have a light illuminating its license plate. The officers initiated a traffic stop.

As the officers approached the driver, passengers were moving about the bus, and Officer Harden believed that some passengers were rowdy. He also noted a strong smell of marijuana emanating from the bus. Officer Harden boarded the bus and assisted in removing an individual that another officer had observed passing what appeared to be a marijuana cigarette.

Haynes was seated toward the front of the bus. Officer Harden noticed that Haynes was making "furtive movements and gestures" and seemed nervous compared to the other passengers. Eventually, Officer Harden asked Haynes to leave the bus. As he did so, Haynes, unprompted by the officers, began emptying his pockets. Haynes pulled out a marijuana cigarette and showed it to the officers.

Officer Harden then conducted a pat-down search of Haynes and felt what he believed to be a firearm in Haynes's left pant leg. Harden did not make Haynes aware of the fact that he felt the firearm and instead attempted to handcuff him. As he did so, Haynes pulled away and began to flee on foot. The officers pursued Haynes, running between alleys and buildings, over fences, and through shrubbery. During the chase, the officers lost sight of Haynes. Eventually, Haynes stopped and the officers took him into custody.

The officers did not find a weapon on Haynes after the chase. After retracing Haynes's steps, however, they recovered a firearm between two townhomes and in front of a fence that Haynes jumped. Later, an officer dusted the firearm for fingerprints but was unable to lift any fingerprints from the firearm or magazine.

Officers did not check the firearm, magazine, or ammunition for DNA, nor did they check the identity of the last known purchaser of the firearm.

In September 2017, Haynes was arraigned in Iowa state court. Seven weeks before his state trial date, he was charged by federal indictment in the Southern District of Iowa with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On August 14, 2018, Haynes was arrested on a federal warrant. Haynes later filed a motion to suppress the evidence resulting from Officer Harden's pat down and a motion to dismiss that alleged a Speedy Trial Act violation. The district court[1] denied both motions. Haynes proceeded to trial, and the jury returned a guilty verdict.

After his conviction, Haynes filed a motion for judgment of acquittal, and alternatively, a motion for a new trial based upon insufficient evidence, which the district court denied. At the sentencing hearing, the district court calculated a total offense level of 28 and a criminal history category of VI, resulting in an advisory sentencing guidelines range of 140 to 175 months' imprisonment. But because the statutory maximum sentence for the crime is 120 months, *see* § 924(a)(2), that necessarily became the guidelines recommendation. *See* U.S.S.G. § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."). The court sentenced Haynes to 120 months' imprisonment.

Haynes appeals his conviction and sentence on several grounds. He argues that the district court erred in denying his motion to dismiss and in denying his motion to suppress. He also argues that insufficient evidence existed to support his conviction. Finally, he asserts that the district court's sentence is substantively unreasonable. We address each argument in turn.

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

## II.

### A.

Haynes asserts both that the district court erred in finding no Speedy Trial Act ("the Act") violation and abused its discretion by failing to hold an evidentiary hearing on the matter.

We review a district court's findings of fact as to whether a defendant's rights under the Speedy Trial Act were violated for clear error and review its legal conclusions *de novo*. *United States v. Aldaco*, 477 F.3d 1008, 1016 (8th Cir. 2007). The Act provides that an indictment must be filed against an individual "within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The thirty-day clock to return an indictment under the Act begins when there is a federal arrest or summons. *See United States v. Beede*, 974 F.2d 948, 950 (8th Cir. 1992) ("Only a federal arrest, not a state arrest, triggers § 3161(b).").

Haynes does not dispute that, if the federal arrest and indictment dates are used, the Act was not violated. He argues, however, that an exception applies and that the thirty-day clock began to run on the date of his state arrest because there is evidence of collusion between Iowa and federal prosecutors. *See United States v. Sims*, 779 F.2d 16, 17 (8th Cir. 1985). He alleges the federal prosecutor brought charges seven weeks before the date of his state trial in order to avoid the results of a pending Iowa Supreme Court case that, according to Haynes, would have supported his pending motion to suppress in state court.[2]

There is no evidence that Iowa and federal prosecutors colluded. We have held that mere delay between a state arrest and federal indictment does not constitute

---

[2]We will assume without deciding that a federal indictment on the eve of a state court suppression hearing can implicate the Speedy Trial Act collusion exception.

evidence of collusion. *See id.* Haynes offers no evidence beyond the timing of his federal indictment to suggest that it was a result of collusion. Additionally, Haynes's reliance on a District of Massachusetts case, *United States v. Ganious*, 635 F. Supp. 2d 80, 85 (D. Mass. 2009), is unavailing. In *Ganious*, the court held that the defendant was not entitled to an evidentiary hearing on collusion even though he was arrested by state agents who were part of a federal task force, prosecuted by a state prosecutor who was also a Special Assistant United States Attorney, and held in custody for 404 days before his arraignment on federal charges. *Id.* at 82-86. As that court also noted, "mere delay cannot show the existence of a ruse without active federal involvement in the state prosecution." *Id.* at 86. Because Haynes does not offer any evidence of such active involvement other than speculation about the timing of his federal arraignment coinciding with a state supreme court decision, the Government did not violate the Speedy Trial Act.

Haynes also argues that the district court abused its discretion by failing to hold an evidentiary hearing regarding the existence of collusion. *See United States v. Santos-Pulido*, 815 F.3d 443, 445 (8th Cir. 2016). A district court must hold an evidentiary hearing when the moving party identifies material facts in the record "that are actually in dispute." *See United States v. Saucedo*, No. 19-1693, 2020 WL 1870254, at *3 (8th Cir. Apr. 15, 2020). Haynes offered the district court mere speculation that his federal and state prosecutors colluded and does not "identify any material facts in the record . . . that are actually in dispute." *Id.* Therefore, the district court did not abuse its discretion in denying an evidentiary hearing.

B.

Haynes next argues that the district court erred in denying his motion to suppress because he was unlawfully seized and then unlawfully searched by the officers. When reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error and legal conclusions *de novo*. *United States v. Oliver*, 950 F.3d 556, 563 (8th Cir. 2020). A factual finding is "clearly erroneous" when a court reviews the evidence in its entirety and is "left with the definite and

firm conviction that a mistake has been made." *United States v. Guzman*, 926 F.3d 991, 997 (8th Cir. 2019). "A finding based on the credibility of live witnesses can almost never be clearly erroneous." *United States v. E.R.B.*, 86 F.3d 129, 130 (8th Cr. 1996).

Although Haynes does not dispute that the officers lawfully stopped the bus for traffic violations, he argues that he was unlawfully seized when Officer Harden ordered him off the bus.

"[A]n officer making a traffic stop may order passengers to get out of the car pending completion of the stop." *Maryland v. Wilson*, 519 U.S. 408, 415 (1997) (noting that any "intrusion on the passenger is minimal"); *see also United States v. Cloud*, 594 F.3d 1042, 1045 (8th Cir. 2010). The Supreme Court has explained that "the possibility of a violent encounter stems . . . from the fact that evidence of a more serious crime might be uncovered during the stop," a possibility equally applicable to both drivers and passengers, and that passengers are less likely to have access to dangerous weapons when they are outside the vehicle. *Wilson*, 519 U.S. at 414.

Officer Harden lawfully ordered Haynes off the bus, particularly as the smell of marijuana alerted the officer that "evidence of a more serious crime" than failure to use a turn signal "might be uncovered during the stop." *See Wilson*, 519 U.S. at 414. Haynes's effort to distinguish the situation here from *Wilson* by relying on *United States v. Henderson*, 463 F.3d 27 (1st Cir. 2006), is fruitless. In that case, an officer demanded a passenger's information, including his social security number, to investigate him for failure to wear a seatbelt. *See id.* at 29. The court held that the demand of information was not proper under *Wilson* because the questioning "expanded the scope of the stop, changed the target of the stop, and prolonged the stop." *Id.* at 46. But here, prior to Haynes producing the marijuana cigarette, Officer Harden did not ask Haynes any questions but merely ordered him off the bus in keeping with *Wilson*. Therefore, Haynes was not unlawfully seized.

Haynes further argues that he was unlawfully searched by Officer Harden because he did not consent to a search and Harden did not have a reasonable suspicion that Haynes was armed and dangerous. But we have held that once probable cause for an arrest exists, an officer may conduct a pat-down search incident to arrest. *See United States v. Jerde*, 481 F. App'x 280, 282-83 (8th Cir. 2012) (finding that, after a suspect voluntarily produced a marijuana pipe, an officer had probable cause to arrest him, and therefore a pat down of the suspect was lawful); *see also Sibron v. New York*, 392 U.S. 40, 77 (1968) (Harlan, J., concurring) (reasoning that a defendant may not validly say, "Although the officer had a right to arrest me at the moment when he seized me and searched my person, the search is invalid because he did not in fact arrest me until afterwards").

Once Haynes produced his marijuana cigarette, Officer Harden had probable cause to arrest him and therefore was permitted to search him. *See United States v Binion*, 570 F.3d 1034, 1040 (8th Cir. 2009) (holding that a suspect's admission to carrying an ounce of marijuana in his pants created probable cause for an arrest); *see also Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980) (explaining that, when police already possess probable cause for an arrest and "the formal arrest followed quickly on the heels of the challenged search of petitioner's person," it is not "particularly important that the search preceded the arrest rather than vice versa"); *State v. Horton*, 625 N.W.2d 362, 363-64 (Iowa 2001) (holding that an officer had probable cause to believe a defendant had committed a drug offense when he observed "marijuana roaches" in plain view, and further concluding that a subsequent pat down was justified as a search incident to arrest even though the pat down technically preceded formal arrest); Iowa Code § 124.401(5) (criminalizing possession of marijuana). Thus, Haynes was not unlawfully seized or searched, and the district court did not err in denying his motion to suppress.

C.

Haynes also argues that the evidence was insufficient to support his conviction because the evidence did not demonstrate (1) that he knowingly possessed a firearm or (2) that he knew he was prohibited from possessing a firearm. We review sufficiency of the evidence arguments *de novo*, viewing the evidence in the light most favorable to the jury verdict. *United States v. Reddest*, 512 F.3d 1067, 1069-70 (8th Cir. 2008). "We reverse only if no reasonable jury could have found the defendant[] guilty." *United States v. Johnson*, 450 F.3d 366, 372 (8th Cir. 2006). All credibility determinations are resolved in favor of the jury's verdict. *United States v. Wiest*, 596 F.3d 906, 910 (8th Cir. 2010).

First, Haynes's argument that the Government failed to prove that he knowingly possessed a firearm is unavailing. *See United States v. McDonald*, 826 F.3d 1066, 1072 (8th Cir. 2016) (holding that, in order to prove the element of knowing possession, "it is sufficient if the [G]overnment proved [the defendant] had actual or constructive possession of the firearm"). Although there were no fingerprints or DNA linking Haynes to the weapon, Officer Harden testified he was "100 percent certain" that he felt a gun during his pat down of Haynes. Moreover, while no officer saw Haynes drop a gun while he ran, officers saw him jump over a fence and stop immediately thereafter. And officers testified that they found a loaded handgun in a flowerbed next to the fence that Haynes jumped, indicating that Haynes dropped it there. After hearing this evidence, the jury was entitled to weigh the credibility of Officer Harden's testimony and credit his statement that he felt a gun on Haynes's person during the pat down. *See Wiest*, 596 F.3d at 910. Therefore, a reasonable juror could have found that Haynes knowingly possessed a firearm.

Second, Haynes's argument that the Government did not present sufficient evidence that he knew he was a convicted felon prohibited from possessing a firearm as required by *Rehaif v. United States*, 588 U.S. ---, 139 S. Ct. 2191 (2019), also fails. In *Rehaif*, "the Supreme Court held that to sustain a conviction under 18 U.S.C. § 922(g), the government must prove both that the defendant knew that he possessed

a firearm and knew of his prohibited status." *United States v. Warren*, 951 F.3d 946, 951 (8th Cir. 2020). We have held that a reasonable juror could conclude that a defendant knew of his prohibited status under *Rehaif* when the defendant stipulated at trial that "he had been previously convicted of a crime punishable [by] a term exceeding one year," the defendant was imprisoned for a term longer than one year for a previous offense, and the defendant fled the scene of the crime. *Warren*, 951 F.3d at 951 (discussing the same "reasonable juror" standard that is used in reviewing the sufficiency of the evidence, but in the plain error context); *see also United States v. Hollingshed*, 940 F.3d 410, 415-16 (8th Cir. 2019). Because Haynes had previously been imprisoned for a term longer than one year, he fled the scene of his pat down, and he stipulated at trial that he had been previously convicted of a crime punishable by a prison term of longer than one year, there was sufficient evidence that he knew of his prohibited status.[3]

Haynes also argues that the district court abused its discretion in denying his motion for a new trial based on his claim of insufficient evidence. *See Hallmark Cards, Inc. v. Murley*, 703 F.3d 456, 462 (8th Cir. 2013) (noting that we review a denial of a motion for a new trial for an abuse of discretion and will not reverse absent a "miscarriage of justice"). Based on the strength of the evidence detailed above, we likewise find no abuse of discretion in denying the motion for a new trial.

---

[3]Haynes also claims that the district court plainly erred in failing to instruct the jury on whether he knew of his prohibited status when he possessed a firearm. To establish plain error, a defendant must show that the error affected his substantial rights. *See United States v. Olano*, 507 U.S. 725, 732 (1993). Because sufficient evidence demonstrated that Haynes knew of his prohibited status, Haynes cannot demonstrate that a failure to so instruct the jury affected his substantial rights, *see Warren*, 951 F.3d at 951, and therefore the district did not plainly err.

D.

Lastly, Haynes argues that his sentence is substantively unreasonable because he claims the district court unfairly punished him for not accepting a plea bargain. We review the substantive reasonableness of a sentence for an abuse of discretion. *United States v. Stoner*, 795 F.3d 883, 884 (8th Cir. 2015).

"[I]t will be the unusual case when we reverse a district court sentence— whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc). A court is required to carefully weigh the factors in 18 U.S.C. § 3553(a) when imposing a sentence. *United States v. McGlothen*, 556 F.3d 698, 702 (8th Cir. 2009). "A sentencing court abuses its discretion when it fails to consider a relevant factor, gives significant weight to an irrelevant or improper factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case." *United States v. Hernandez*, 518 F.3d 613, 616 (8th Cir. 2008).

Haynes asserts that comments made by the district court at sentencing demonstrate that it gave undue weight to his decision not to plead guilty, suggesting it imposed its sentence as punishment for that decision. He acknowledges that this was not an improper factor to consider because the sentencing guidelines provide that a defendant who accepts responsibility by pleading guilty may be eligible for a sentence reduction. *See United States v. Wilcox*, 487 F.3d 1163, 1175 (8th Cir. 2007) ("It is settled that a court, consistent with the Constitution, may grant leniency in return for a plea of guilty, and may withhold similar leniency from a defendant who proceeds to trial."). We therefore consider whether the district court committed a clear error of judgment in weighing the appropriate factors. *See United States v. David*, 682 F.3d 1074, 1077 (8th Cir. 2012).

In light of the aggravating factors here, the district court did not commit a "clear error of judgment by arriving at [its] sentence." *See Hernandez*, 518 F.3d at 616. For example, the court considered the short amount of time—14 months—that Haynes had refrained from criminal activity since his release from prison. The court also noted that Haynes, a felon with a "very violent history who ha[d] no business being around guns," was on a bus using marijuana and carrying a loaded handgun. Moreover, the sentence imposed here was within the guidelines range and not greater than the statutory maximum. *See United States v. Saguto*, 929 F.3d 519, 525 (8th Cir. 2019) ("[W]e may presume a within-Guidelines sentence is reasonable."). Therefore, we find no abuse of discretion in the district court's sentencing decision.

## III.

For the foregoing reasons, we affirm.

_____